## V. W. PANTON

*v.*

## CORNELIA MANLEY.

1. APPEAL—*vacating order of dismissal.* Where an appeal from a justice of the peace is dismissed for want of prosecution,.through a want of proper care and caution on the part of the appellant's counsel, the court, in the exercise of a sound discretion, will not err in refusing to reinstate the appeal.

2. SAME—*when order of dismissal will not be set aside.* Where an appeal is dismissed, when the cause is reached in its order on the call of the docket, for want of prosecution, the court may properly refuse to reinstate the cause on the ground of an agreement between the counsel, when its terms are in dispute and the proofs fail to show the dismissal was in violation of the agreement, and the affidavit in support of the motion to reinstate fails to show a meritorious defense to the action on the part of appellant.

3. SAME—*right to dismiss, in forcible entry and detainer.* An appeal in a forcible entry and detainer case is subject to the same rules of practice as in ordinary appeals from justices of the peace, and, like them, may be dismissed for want of prosecution.

APPEAL from the Circuit Court of Kane county; the Hon. H. H. CODY, Judge, presiding.

This was an action of forcible entry and detainer, brought by Cornelia Manley, against V. W. Panton, before a justice of the peace, and appealed by the defendant to the circuit court, where the appeal was dismissed for want of prosecution.

Mr. JAMES COLEMAN, for the appellant.

Messrs. BOTSFORD & BARRY, and Mr. W. H. WING, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether the court abused its discretion in refusing to vacate the order dismissing the appeal. It is conceded, that when the appeal was dismissed, the case was reached on the regular call of the docket for trial, and there was no appearance on behalf of appellant. But it is claimed that an agreement had been made between the attorneys of the parties to waive a jury, and try the case before the court on an agreed state of facts after the jury should be discharged by the court, and in violation of this agreement the appeal was dismissed when the cause was reached for trial on the docket.

It is no doubt true that some arrangement had been made by the attorneys in regard to a trial of the cause on an agreed state of facts, before the court, but the terms of that agreement are in dispute, and it is impossible to say, from the proof before the court, whether the appeal was dismissed in violation of the agreement or not. The fact is shown by the record, that on the day before the appeal was dismissed a stipulation in writing in regard to the trial of the cause was submitted by the counsel of appellee to the attorneys of appellant, which he refused to sign, and he was then notified that the cause would be called for trial on the next day and appellee's attorneys would insist upon a trial of the cause when it was reached on the docket. Under such circumstances, it was the duty of appellant's attorney to appear in court the next morning and be ready for trial, or take some steps in the case which would have prevented a dismissal of the appeal. Had he observed this duty, it is apparent the appeal would not have been dismissed. The dismissal of the appeal, then, must be attributed to the want

of proper care and caution on the part of appellant's attorney, and such being the case, the court, in the exercise of a sound discretion, did not err in refusing to reinstate the appeal.

In the affidavits filed in support of the motion, it does not appear that appellant had a meritorious defense to the action. This fact, no doubt, and properly, too, had weight with the court in deciding the motion.

It is also claimed, that the court, under the statute, was required to try the case on its merits, and had no right to dismiss the appeal. This position is fully answered by sec. 18, Rev. Stat. 1874, p. 537, which declares: "If any party shall feel aggrieved by the verdict of a jury or decision of the court, upon any trial had under this act, such party may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way, as appeals are taken and tried in other cases." Under this statute, the appeal in the circuit court would be governed by the same rules as an appeal in any ordinary case, and when it was reached on the regular call of the docket, as no person appeared, it was proper to dismiss the appeal for want of prosecution.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*