JOHN GARCIA *vs.* J. P. MENDONCA, Administrator, etc.

APPEAL FROM DECISION OF BICKERTON, J.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.

The plaintiff sued the defendant in the Police Court, Honolulu, for work and labor done for the defendant's intestate and for money paid.

It appeared at the hearing that the plaintiff and the defendant's intestate were partners and a nonsuit was ordered.

The plaintiff appealed and a judgment was rendered for defendants.

Held, that there should not have been a re-hearing on the facts.

Held also, that where a refusal of leave to amend would by operation of a statute of limitation bar the plaintiff from bringing a fresh action, an amendment ought to be allowed.

Held also, that the nonsuit was wrong and

Appeal dismissed.

OPINION OF THE COURT, BY PRESTON, J.

This case was originally brought in the Police Court, Honolulu, and the plaintiff sought to recover $100 for work and labor done and performed by the plaintiff for Domingo Lopes Ramos in his lifetime and for money paid.

The defendant was sued as administrator of Ramos.

At the trial in the Police Court the plaintiff having stated that he was a partner with the deceased, was nonsuited.

From this decision he appealed and the appeal was heard before Mr. Justice Bickerton, who rendered a judgment in favor of the defendant upon the application of counsel for the defendant upon the grounds :

1st.   That it had not been proved that Mendonca was administrator.

2d.   That there was no proof that the claim was presented within six months from the appointment of the administrator.

The plaintiff asked leave to amend which was refused.

The plaintiff appealed to the Supreme Court in banco.

The first appeal being taken from a judgment of nonsuit, there should not have been a re-hearing upon the facts. The sole point was whether the evidence before the Police Magistrate justified the nonsuit, and it is in this view we have considered the case.

It appears to us from the evidence that the plaintiff and the deceased were jointly interested in the work out of which the claim arose, and that the deceased was to pay the plaintiff or divide the money when he received it from the Government.

The money was not paid to the deceased but was collected by the defendant, and it therefore seems to us that the plaintiff had no right of action against the deceased at the time of his death, consequently it was not necessary for him to put in his claim against the estate.

Supposing the plaintiff and deceased were partners, the plaintiff as surviving partner was entitled to receive the money and to account with the administrator, but the administrator having received it, the plaintiff is entitled to recover his share. What that share is must be determined by another suit if the parties cannot agree.

We are of opinion that the nonsuit in the Police Court was right upon the evidence and that the appeal should have been dismissed.

Under these circumstances it is not necessary for us to decide the question as to the right to amend in the appellate court, although we think that as a rule such amendments should not be allowed and that the application should be made to the Police Magistrate.

We may, however, say that where the refusal to amend would by the operation of a statute of limitation bar the plaintiff from bringing a new action, an amendment ought to be allowed. *Kirk vs. Dolly*, 6 Mees. and W., 636 ; *Larkin vs. Watson*, 2 Cromp. and Mees. ; *Davis vs. Saunders*, 7 Mass., 62.

The appeal must be dismissed.

*J. A. Magoon*, for plaintiff.

*C. Brown*, for defendant.