PAA and MAKAHIKI, *vs.* GEORGE E. RICHARDSON,
Circuit Judge of the Second Judicial Circuit.

PETITION FOR WRIT OF MANDAMUS TO CERTIFY UP AN APPEAL.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The petitioners were tried and convicted of a criminal offense in the
District Court and appealed to the Circuit Judge where they
were again convicted.

The Circuit Judge refused to allow a further appeal on the facts, to
the C ircuit Court.The Statute (quoted in the opinion *vide infra*)
allowed an appeal on the facts either to the Circuit Judge or to
the Circuit Court, and forbid any other or further appeal on the
facts.

Held, that the Statute is not contrary to Article 7 of the Constitution
which preserves inviolate the right of trial by jury.

The right remains by the Statute, if the accused desires to have it.
But he may waive it by electing to be tried by the Circuit Judge.

Writ denied.

OPINION OF THE COURT, BY JUDD, C.J.

This is a petition for a writ of mandamus to direct the Circuit
Judge of the Second Judicial Circuit to allow and certify an
appeal to the Circuit Court of said Circuit.

The agreed facts are as follows :   The petitioners were arrested
and convicted of the offense of larceny of animals before the
District Court of Makawao, Maui, from which judgment and
conviction they appealed to Judge Richardson, the Circuit
Judge of the Second Judicial Circuit, at Chambers, who, on the
9th day of March, 1888, tried and found them guilty, and
sentenced them for such offense.   That within the time required
by the law regulating appeals, the accrued costs were paid, and
costs for further appeal upon the facts, to the Circuit Court of
the Second Judicial Circuit, were tendered to the said Judge
Richardson.

That the said Judge refused to allow said appeal upon the facts to the Circuit Court of the Second Judicial Circuit, upon the ground that Chapter LXII. of the Session Laws of 1886 forbids it.

The Act reads as follows: "Section 1. From and after the passing of this Act any person desirous of appealing from the decision of any Police or District Justice in any case, whether civil or criminal, may, upon giving the notices and paying the costs, and giving the bonds now required by law, appeal from any such decision to any Circuit Judge at Chambers; or, if on the Island of Oahu, to one of the Justices of the Supreme Court in Chambers; or to the Circuit Court of the same Judicial District, or if on the Island of Oahu, to the Supreme Court, at the election of the party appealing, to be stated at the time the appeal is taken, and no further or other appeal on any question of fact shall be allowed. In appeals where no bond is now required by law, none shall be required hereunder."

The plaintiffs claim that this law allowing no further appeal to a jury on questions of fact from a Circuit Judge at Chambers is unconstitutional.

Article 7 of the Constitution prescribes that "In all cases in which the right of trial by jury has been heretofore used, it shall be held inviolable for ever, except in actions of debt or assumpsit in which the amount claimed is less than fifty dollars."

*W. A. Kinney*, for petitioners.

The Government claims that the law in question is no violation of the constitutional right of trial by jury, because plaintiffs by the act of appealing to the Circuit Judge elected such Court rather than the Circuit Court, or waived their constitutional right of trial by jury.

Election or waiver is a question of fact, *i.e.*, did the man, as a matter of fact, choose between the two Courts? Or in other words, did he waive as a matter of fact his trial by jury? Certainly there is no proof of this, other than the mere fact of the appeal to the Circuit Judge.

The law in question undoubtedly intended to make this act of appealing to the Circuit Judge, in itself and considered alone, raise by law a conclusive presumption of fact.

This we say materially impairs the right of trial by jury. An actual individual waiver of the right is one thing, and this presumption of waiver is another. No one can waive right of trial by jury but the man himself, and I submit that the law cannot set out *ad libitum* what acts shall constitute a waiver on the part of the individual.

There is a limit and this law we submit has gone beyond it.

*A. P. Peterson*, Deputy Attorney-General, in reply, cited: 31 Am. Rep., 34; 21 Wend. Rep., 510; 51 Iowa Rep., 578; 5 Ohio, 280; 46 Conn. Rep., 349.

## By the Court.

We are of opinion that the Act in question does not deprive the accused of the right of a trial by jury. He can appeal from the District Court directly to a jury. He can also appeal to a Circuit Judge. The effect of the Statute is that, if he selects this last tribunal, he cannot have another trial on the facts by a jury. We fail to see how a voluntary relinquishment of the right to a trial by a jury can be construed to be deprivation of this right.

The right of trial by a jury by the statute remains, if the accused desires to have it. And he may waive it as he does when he pleads guilty to an indictment. No one would contend when the accused believes it to be for his interest to plead guilty, and thus waive a trial by a jury, that the law which allows him to do so deprives him of the right to such trial.

There are abundant cases where a statute empowering a Court to try, and the accused to waive a jury trial and elect to be tried by the Court, has been held to be no violation of a constitutional provision similar to ours.

*Dailey vs. The State*, 4 Ohio, 57; *Dillingham vs. The State*, 5 Ohio, 280; *Curtis vs. Gill*, 34 Conn., 54; *State vs. Fuller*, 34

Conn., 295; *Tabor vs. Cook*, 15 Mich., 322; *Ward vs. People*, 30 Mich., 116; *Commonwealth vs. Bailey*, 12 Cush., 80; *Bank of Columbia vs. Okely*, 4 Wheat., 235.

One case will serve to illustrate the principle decided. In *State vs. Worden*, 46 Conn., 349, "the Act of 1874 provides that in all prosecutions the party accused, if he should so elect, might be tried by the Court instead of by the jury; and that in such cases the Court should have full power to try the case and to render judgment. Held not to conflict with the provisions of the State Constitution, that every person 'shall have a speedy public trial by an impartial jury,' and that 'the right of trial by jury shall remain inviolate.'"

In *Tabor vs. Cook*, 15 Mich., 323, the Court held that under the Constitution the Legislature could not authorize a proceeding to enable a person to file a bill in Chancery to quiet a title to land claimed through an Auditor-General's deed executed upon a sale for non-payment of taxes, without providing a mode by which the defendant could have a jury trial if he so elected, where the right existed when the Constitution was formed.

In the case of *Bank of Columbia vs. Okely*, 4 Wheaton, 235 (1819), the Supreme Court of the United States then said of a law of the State of Maryland, which authorized the plaintiff corporation a summary process by execution in the nature of an attachment against its debtors who have, by an express consent in writing, made the bonds, bills, or notes by them drawn or endorsed, negotiable at the bank, but which allowed a defendant, if he disputed the debt, to have an issue joined to be tried by the Court and jury.

" If the defendant does not avail himself of the right given him of having an issue made up and a trial by jury, which is tendered to him by the Act, it is presumable that he cannot dispute the justice of the claim.

" That this view of the subject is thus giving full effect to the Seventh Amendment of the Constitution, is not only deducible from the general intent, but from the express wording of the article referred to.

"Had the terms been that 'the trial by jury shall be preserved,' it might have been concluded that they were imperative, and could not be dispensed with. But the words are, that the right of trial by jury shall be preserved, which places it on the foot of a *lex pro se introducta*, and the benefit of it may, therefore, be relinquished."

Argument of counsel for petitioners is made that the statute in question does not distinctly allow the petitioners to waive their right to trial by jury, but makes his election of the Court of the Circuit Judge a waiver by implication of their right to trial by jury.

We are of opinion that there is no essential difference between a law that says that an accused person may waive his right to trial by a jury, and be tried by a Court, and a law which says that the accused may elect to be tried by a jury or a Court, and if he elects to be tried by a Court, he cannot be again tried by a jury. In either case he has to exercise his volition. He has to decide for himself whether he will have the jury or not. He has to do this in all cases when the offense is within the summary jurisdiction of a Magistrate, for, unless he appeals, the sentence of the Magistrate is final.

The Statute in question is clear, and capable of being understood by the unlearned, and does not interpose such difficulties and restrictions as would amount to an impairment or to a violation of the right to a trial by jury.

This Court held in *Paloma vs. Sheldon*, 4 Hawaiian, 131, that the Act of 1874 to Quiet Title in lands claimed by inheritance was unconstitutional, as depriving the defendant of the right to try the title to land in his possession by a jury, which right was in use long before the Constitution was promulgated.

In this case the Statute undertook to take such matters from the jury against the will of the defendant.

We hold that the Statute in question does not deprive the accused of the right to a trial by jury, and is not unconstitutional.

The writ is denied.

*W. A. Kinney*, for petitioners.

*A. P. Peterson*, for respondent.