# IN THE MATTER OF THE BANKRUPTCY OF TAI LUNG.

## APPEAL FROM DOLE, J.

HEARING, APRIL 24, 1893.  DECISION, APRIL 26, 1893.

### JUDD, C.J., BICKERTON AND FREAR, JJ.

Where a claim against a bankrupt is disputed by the assignee, the Judge sitting in Bankruptcy has jurisdiction to hear and determine the validity of the claim, and the alleged creditor is not driven to an action at law.

An appeal being allowed from such adjudication by the bankrupt law to a jury, the law is not unconstitutional.

### OPINION OF THE COURT, BY JUDD, C.J.

Without reciting all the former proceedings in this matter, it is only necessary to state for the proper understanding of the case that claims of the assignees of another bankrupt estate against the bankrupt Tai Lung were duly presented and sworn to and were thereafter disputed by the assignee, who refused to admit them to a dividend. The motion to be allowed to prove these claims before the Justice then sitting was opposed by the assignee on the ground that the Bankruptcy Court had no jurisdiction to try the validity of these claims at that stage of the proceedings. This plea was heard by the Court below and overruled, and an appeal thereon was taken to this Court. It is contended by former counsel, Mr. Carter, in this case, that as a Bankruptcy Court is one of limited and special jurisdiction, deriving its authority solely from the statute, any excess of these limits is void and its power cannot be enlarged by implication; such jurisdiction thus depriving the parties of the right of trial by jury is unconstitutional.

Our statute specially confers jurisdiction upon the Court in Bankruptcy to hear proof of claims in the first instance. If there is no opposition to a claim, the proof is formally made by the oath of the claimant before the Justice. If it is opposed by other claimants it is tried on its merits before the Justice, whose decision is subject to an appeal to a jury. Sections 7 and 8, Chapter XXXV., Laws of 1884.

The law further provides (Section 9) that creditors may prove their claims at any time before the discharge of the bankrupt, but shall participate only in such dividends as may be declared after the proof of their claims.

The Act of 1888 (Chapter XXII.) in Section 7, further provides by an amendment to Section 8 of the Act of 1884, that the assignee may dispute a claim (after it has been proved by oath of the claimant), but he must notify the claimant of this within one month after proof of the claim. The law now allowing either a creditor or the assignee to dispute a claim, it is reasonable to presume that the same Court which hears the objection made by the creditor shall hear the objection when made by the assignee.

It is not necessary that the statute should contain words directly giving jurisdiction for each further stage of the proceedings. Having given power to the Judge to hear proof of claims the jurisdiction is continued whether the claim be contested by a creditor or by the assignee.

"The authority, however, to do certain acts, or to exert a certain degree of power, need not be given in express words but may be fairly inferred from the language of the statute, or if it be necessary to accomplish its objects and to the just and useful exercise of the powers which are expressly given, it may be taken for granted." *Dubois vs. Sands,* 43 Barb. 415.

"Effect must, of course, be given to the intention, when the Act, without conferring jurisdiction in express terms, does so by plain and necessary implication." Endlich on Interpretation of Statutes, Section 156.

To send a claimant whose claim is denied by the assignee

to the courts of law for adjudication would result in delay, confusion and clashing of jurisdictions.

In the Bankruptcy Court, as in the Probate Court, the fund, *the res,* is under the jurisdiction and supervision of the Court, and the assignee is subject to its direction as to its disposition. This is so because there are numerous parties whose rights are involved and oftentimes distinct, and which cannot be decided in an action at law. The jurisdiction of the Bankruptcy Court to entertain and settle disputed claims, we are of the opinion, should be sustained.

The answer that this would be unconstitutional in depriving parties of the right to trial by jury is obvious. This is not a case in which trial by jury has "heretofore been used." The parties have an appeal to a jury provided for in the statute. *Paa vs. Richardson,* 7 Haw., 301.

The plea to the jurisdiction is overruled, and the claimants may proceed with their proofs before a Circuit Court Judge of the First Circuit under the new Judiciary Act.

*A. S. Hartwell,* for claimants.

*C. L. Carter* and *C. Brown,* for J. Rubenstein, assignee.