## JOHN BELL *v.* PALEA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1900.      DECIDED JANUARY 24, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

It is error to dismiss defendant's appeal when he appears though he
answers not ready. He has a right to require the plaintiff to prove
his case.

OPINION OF THE COURT BY FREAR, C.J.

This case was begun in the District Court of Koolaupoko,
Island of Oahu, and taken by defendant's appeal, jury waived,
to the Circuit Court in June, 1899. It was placed on the
calendar for the August Term, 1899, but owing to the large
number of cases that preceded, it was not reached until the
August Term, 1900, when the jury waived cases were taken up
first.

On the 6th of August, 1900, at 2 P. M. the case was set for
the 7th at 2 P. M. About ten other cases that preceded it were
set for the same day. At about 11 A. M. on the 7th, or about
three hours before the time set, the case was called and counsel
for the plaintiff was asked if he was ready to proceed. He re-
plied that he was not ready as he had not supposed the case
would be called so soon, but would be ready on the following
morning. Counsel for the defendant was then asked if he was
ready to proceed. He replied that he had understood that the
case had been set for the 8th at which time he would be ready
but that he was not ready to proceed immediately. Neither
counsel had ever asked for a continuance before. Both now de-
sired a continuance until the following day. The court of its

own motion dismissed the appeal and defendant excepted on the ground that the order was contrary to law and an abuse of discretion.

On the 8th the defendant moved the court to vacate the order dismissing the appeal and to reinstate the case on the calendar, the motion being based on the record and an affidavit of defendant's counsel, A. G. M. Robertson, setting forth the facts above stated and also that on the 7th he was in attendance prepared to try another case which had been set for trial before another Judge of the same court on the same day, when the bailiff notified him to appear in this case, that the defendant and his witnesses reside at Heeia, Oahu, and that affiant was familiar with the facts and circumstances of the case and the law applicable thereto and that in his opinion defendant had a complete defense to the action on its merits and that the dismissal of the appeal would work an injustice to him. Counsel was not actually engaged in the trial of a case before the other Circuit Judge. Plaintiff's counsel did not oppose this motion but on the contrary joined in requesting the court to vacate the order dismissing the appeal and to reinstate the case. The motion was denied, in part on the ground that the affidavit was insufficient in regard to meritorious defense, and defendant excepted.

On the 13th the defendant moved to reopen the matter of the first motion and the ruling thereon, that he be allowed to file an additional affidavit as to meritorious defense, and that the order dismissing the appeal be vacated and the case reinstated. This motion was opposed by plaintiff's counsel on the ground that it was in contravention of correct practice. The motion was denied and defendant excepted.

In this court plaintiff's counsel joined defendant's counsel in the view that the order dismissing the appeal and the overruling of the first motion in the Circuit Court were erroneous and should be reversed.

There seems to be some difference of opinion as to whether the dismissal of an appeal or its reinstatement is a matter of discretion, to be reversed only in case of an abuse of discretion,

or a matter of strict law, to be reversed upon error in law being
shown. In New Jersey it has been held that the reinstatement
of an appeal which has been dismissed for failure of the appel-
lant to appear is a matter of law and not of discretion. *Howell
v. Van Ness*, 31 N. J. L. 443, 445. In Illinois the opposite
view has been taken. *Panton v. Manley*, 89 Ill. 458, 460;
*Hinckley v. Dean*, 104 Ill. 630, 638.

If the present case belonged to the discretion class, there was,
in my opinion, an abuse of discretion in dismissing the appeal—
considering all the circumstances, and especially the fact that
the case was called and the appeal dismissed three hours before
the time set for hearing. So far as I can make out, the trial
judge acted on the discretion theory in dismissing the appeal,
and on the law theory in denying reinstatement.

But assuming that dismissal and reinstatement are ordinarily
matters of discretion, it is evident that the circumstances in par-
ticular cases may be such as to leave little or no room for the
exercise of discretion, so that the action of the court will be
clearly right or wrong whether we proceed on the theory of dis-
cretion, or on that of strict law, and in my opinion this is one
of those cases. The appellant did not make default or fail to
appear. He appeared and was desirous of prosecuting his
appeal, but merely informed the court that he was not ready—
the appellee, who was the plaintiff, having already informed the
court that he, also, was not ready. The case is very much like
that of *Langenham v. Stickney*, 90 Ill. 361, in which the court
said: "It then appears, from the bill of exceptions, that because
defendant was 'not ready for trial,' the court dismissed his appeal
for want of prosecution. That was error. The appeal had
been perfected under the statute, and the case stood for trial
as any other on the calendar. Defendant had not abandoned his
appeal, but was in court prosecuting it as well as he could in his
own way. He may not have been entirely 'ready for trial,' but
that is no reason why his appeal should be dismissed. All the
court could do, properly, was to order the trial to proceed at
once, whether the defendant was ready or not. As the case was

to be tried *de novo* on the appeal, it could not be known defendant would not be ready to present his defense, or some part of it, by the time plaintiff should finish his side of the case. Whether he had any defense to make, he could compel plaintiff, on the appeal, to prove a cause of action against him, and it was error to dismiss defendant's appeal without allowing him a trial." See also *Lawler v. Gordon*, 91 Ill. 602, 604. Upon this there seems to be no difference of opinion between the New Jersey and Illinois courts. See also *Reed v. Rocap*, 9 N. J. L. 347, 350; *Lum v. Price*, 16 N. J. L. 195.

Taking all the New Jersey and Illinois cases on this subject together, and not merely the one New Jersey case cited by the Circuit Court in its decision overruling the second motion, and the one Illinois case cited by counsel, we do not find that the courts of those States differ greatly as to the proper practice on appeal. In each the appeal bond is substantially the same, requiring the appellant to prosecute his appeal; in each the trial on appeal is a trial *de novo;* in each the judgment below is vacated, not by the appeal, but by the new judgment above; in each it is error to dismiss the appeal when the defendant appellant appears; in each it is in general proper to dismiss when the defendant appellant does not appear. Those courts differ as to whether reinstatement and perhaps dismissal also is discretionary or not when the appellant fails to appear .

We have previously reversed the order dismissing the appeal, and now state our reasons therefor. These reasons apply to each of the other four similar cases, the order dismissing the appeal in each of which has been previously reversed.

*J. A. Magoon* and *I. M. Long* for plaintiff.
*Robertson & Wilder* for defendant.

## CONCURRING OPINION BY GALBRAITH, J.

I concur in the conclusion, but not in all of the reasons given therefor by the Chief Justice in the above decision. It seems to me that the question presented by the exception to the order

of the Circuit Court dismissing appellant's appeal is clearly one of law, and not of judicial discretion.

The discretion theory carries with it the idea that there are no fixed rules of law or questions of strict right involved. To me, it seems that these are the only questions presented. When the appeal was perfected the appellant was entitled, as an absolute right under the law, to a new trial *de novo.* He also had a right to demand that the appellee prove a cause of action against him. The order dismissing his appeal was a denial of these rights. An error of law, and nothing more.

### CONCURRING OPINION BY PERRY, J.

It seems to me to be unnecessary to decide whether or not it was within the power of the trial judge, as a matter of strict law, to dismiss the appeal in question, and for this reason; if it was not in his power to dismiss the appeal, then the order excepted to was clearly erroneous, and the exception must be sustained; if, on the other hand, it was in his power to dismiss the appeal, still that power could at best be made use of only in the exercise of a sound discretion, and in such case, also, the exception must be sustained, for, in view of all the circumstances of this case, there was, in my opinion, an abuse of discretion in dismissing the appeal. In other words, either the court did not have the power at all, or, if it did, it was merely the power *in its discretion* to dismiss. I concur, therefore, in the conclusion that the exception must be sustained, but base such concurrence solely on the ground that, assuming that the matter is one belonging to the "discretion" class, there was an abuse of discretion.