DIO MATSUMOTO *v.* KAMI TORAICHI, DEFEND-ANT; MAKEE SUGAR COMPANY, A CORPO-RATION, GARNISHEE.

No. 1814.

SUBMITTED MAY 12, 1928.          DECIDED MAY 23, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an action in assumpsit for forty dollars with interest, costs and attorney's commissions, brought originally in the district court of Kawaihau. At the close of plaintiff's case defendant moved for a nonsuit, which motion was granted by the magistrate upon the ground of insufficiency of the plaintiff's evidence. From the magistrate's judgment in favor of defendant, plaintiff noted and perfected an appeal to the fifth circuit court before a jury. Defendant filed in the circuit court a motion to dismiss said appeal. Grounds two and three of said motion are therein set forth as follows: "2. That no judgment was rendered on the merits in the district court, as the judgment rendered November 21st 1927 was one of nonsuit at the close of plaintiff's case; and on December 1st 1927 the district magistrate made an order refusing to set aside the nonsuit, and no general appeal on the facts to a jury lies from the judgment of the district court in this case. 3. That no appeal on points of law has been taken; no points of law are certified in the certificate of appeal and none appear in the notice of appeal filed with the district magistrate and sent up by him with his record to this court." The motion was granted upon the two grounds above set forth. It is upon plaintiff's exception to the order dismissing her appeal that the case is now before us.

Section 2508, R. L. 1925, as amended by Act 146, S. L. 1925, provides among other things that "appeals shall be allowed from all decisions of district magistrates in all matters, whether civil or criminal, to the circuit court of the same circuit" upon filing of notice, payment of costs and deposit of bond within ten days

after the decision appealed from, as therein provided. The section further provides that if appellant in his notice "signifies his desire for, and demands a trial by jury, he shall be required to deposit as security for further costs, a bond" or money, in a larger amount; and the same requirement as to deposit of bond or money is required in a civil case of an appellee who desires a jury trial where none has been demanded by the appellant. "And after the trial and conclusion of such cause on appeal, whether by verdict of a jury or by the decision of the circuit judge, there shall in such cause be no further trial of the issue of fact (unless a new trial of such cause shall be awarded according to law), but exceptions upon questions of law may be taken to the supreme court; provided, that any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal, and such appeal upon points of law may be made either to the circuit court of the same circuit, or to the supreme court, at the option of the party appealing, whenever the party appealing shall file notice of his appeal and shall pay the costs accrued within ten days and, if in a civil cause, shall deposit a sufficient bond" in the amount and conditioned as therein provided.

Under the foregoing statute and earlier statutes providing for appeals from district courts the right of distinctive appeals in proper cases has been recognized (a) generally to the circuit court, either with or without a jury and (b) upon points of law, to the circuit or supreme court. In the instant case no points of law were certified to the circuit court and the appeal was a general one. It has been definitely held that upon general appeal a trial *de novo* is required. *Associated Repair Works* v. *Rogers*, 22 Haw. 91, 95 (1914); *Bell* v. *Palea*, 13 Haw. 278, 281 (1901); *Jardin* v. *Madeiros*,

9 Haw. 503 (1894). This rule, however, is subject to the qualification that to entitle appellant to a trial *de novo* the judgment of the magistrate's court must be one from which a general appeal legally lies. That all judgments of inferior courts are not so appealable has been judicially determined. In *Luce* v. *Chin Wa,* 5 Haw. 629, later approved in *Mills* v. *Walker,* 18 Haw. 243, it was held that in the circumstances therein recited there is no appeal from a judgment by default.

By analogy the reasoning of the court in *Luce* v. *Chin Wa, supra,* applies to a judgment of nonsuit for failure of proof. Quoting from the opinion of the court by Mr. Justice McCully on page 631 of the last cited case: "Upon reason it is not satisfactory to hold that a party by merely suffering a default in the court of original jurisdiction, may, in the form of an appeal, take his case for trial before the appellate court. The theory of appeal is to afford a retrial in a superior tribunal, which may correct errors of law, and findings of fact, as made in the lower court. * * * In 20 Johns., 283, *Adams vs. Oaks,* the language of the statute gives an appeal to 'every person who shall think himself aggrieved by an order of any justice.' The court, per Nott, J., say: 'To allow the defendant, by suffering a default to pass by the justice's court, would prevent the right of appeal, which implies an actual previous litigation in the tribunal appealed from. It would convert the appellate court into one of original jurisdiction.' "

In *Garcia* v. *Mendonca,* 7 Haw. 194, decided at the October 1887 term of this court, plaintiff was nonsuited in the police court and through intermediate appeal finally appealed to the supreme court in banco. Quoting from the opinion of this court in the case last cited, on page 195: "The first appeal being taken from a judgment of nonsuit, there should not have been a rehear-

ing upon the facts. The sole point was whether the evidence before the police magistrate justified the nonsuit, and it is in this view we have considered the case."

Since the decision in *Garcia* v. *Mendonca* above referred to there have been changes and amendments in the statutes providing for appeals from the district courts but none which will justify a reversal of that decision; and it should not be reversed upon principle.

"De novo means anew; a second time." *Ex parte Morales,* 53 S. W. (Tex.) 107, 108. "Where a nonsuit is granted for insufficient facts, there has been no trial on the merits. *Smith* v. *Superior Court,* 2 Cal. App. 531, 84 Pac. 54. The ruling of a trial court on motion for a nonsuit presents a question of law. *Hanna* v. *De Garmo,* 140 Cal. 174, 73 Pac. 830. An action commenced in the justice's court cannot be tried anew in the superior court until the issues of fact have been tried in the justice's court. *Null* v. *Superior Court,* 4 Cal. App. 207, 210, 87 Pac. 392." *Lewis* v. *Superior Court,* 105 Pac. (Cal.) 763, 764.

Counsel for plaintiff urges that the action of the circuit court in granting defendant's motion to dismiss plaintiff's general appeal was an infringement of plaintiff's constitutional right to trial by jury, but this contention cannot be upheld. A motion for a nonsuit in a trial in the circuit court would have been determinable by the judge alone, subject to reversal only for errors of law. No different principle applies in the district court. The rule as to the right to demand a jury trial in actions at law "does not apply where the only issues are issues of law or issues to be determined by an inspection of the record * * * or to the hearing of motions * * * and many other proceedings arising in and incidental to the determination of civil actions." 35 C. J. 154. "Where the evidence given on the trial with all the inferences

which the jury might reasonably draw therefrom is insufficient to support a verdict for plaintiff, so that such a verdict, if found, would be set aside, it is no infringement of the right to trial by jury for the court to order a compulsory nonsuit." 35 C. J. 241. The error of the magistrate, if error was committed, in sustaining defendant's motion for a nonsuit, could have been corrected by an appeal on points of law and, upon remand and trial upon the merits, plaintiff's right to a trial by jury would have been preserved by her right thereafter to a general appeal. *Paa* v. *Richardson,* 7 Haw. 300; *In re Tai Lung,* 9 Haw. 128, 130.

The record discloses no error on the part of the circuit court in granting defendant's motion to dismiss plaintiff's appeal to the jury.

The exceptions are overruled.

*E. K. Aiu* for plaintiff.

*L. A. Dickey* for defendant.