## NYLEN BROTHERS & COMPANY, LIMITED, AN HAWAIIAN CORPORATION, *v.* EICHI MURATA, ALSO KNOWN AS H. MURATA.

### No. 1966.

SUBMITTED OCTOBER 13, 1930.          DECIDED OCTOBER 27, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for $301.12, instituted in the district court of Honolulu, the allegation in the declaration being that the claim is "on an open book account * * * for goods, wares and merchandise sold and delivered and for services rendered." The declaration was sworn to by the treasurer of the plaintiff corporation, the affiant deposing "that said account is just, true and correct, that all the goods have been delivered, that same is due and that all just and lawful offsets, payments and credits have been allowed." No statement of the account, however, was attached to the declaration or otherwise incorporated in it.

As to what happened in the district court, the magistrate certifies as follows: "The above entitled cause came on for hearing before me on April 17th, 1930. At said hearing, W. R. Ouderkirk, Esq., appeared for plaintiff and informed the court that at the request of E. J. Botts, Esq., attorney for defendant, he wished to enter an appearance for said defendant. Appearance was accordingly entered for defendant. Plaintiff, by Mr. Ouderkirk then moved for judgment on the pleadings on the ground that the complaint herein was verified. Judgment was accordingly rendered for plaintiff as prayed for, together with costs. After judgment Mr. Ouderkirk on behalf of Mr. Botts gave notice of appeal. * * * No contest arose before me either as to questions of fact or points of law, during any part of the proceedings before me in the above entitled matter."

The defendant filed written notice of appeal in the following words: "The defendant in this case appeals from the judgment herein to the circuit court of the first judicial circuit of the Territory of Hawaii. Jury trial demanded." Upon the case being called in the circuit court the plaintiff moved to dismiss the appeal upon the following grounds: (a) "that no answer was filed by defendant in this cause;" (b) "that no counter affidavit stating the items and particulars in the account of plaintiff, which are unjust or untrue or incorrect and particularizing wherein the same are just, true and correct, as required by section 2321, Revised Laws of Hawaii, 1925," was filed; and (c) "that no defense of any nature whatsoever was interposed by defendant in or during the proceedings in the district court of Honolulu in its consideration of the above entitled matter." The circuit court thereupon reserved for the determination of this court the question, "Should the motion to dismiss appeal herein be granted and appeal dismissed?"

It is not expressly stated in the certificate of the magistrate or elsewhere in the record whether the defendant or his attorney or both appeared in the district court on the day when the case was called for trial. The inference, however, would seem to be that neither of them was present. If one or the other or both of them were present, the defendant was not in default. But even if the so-called entry of an appearance by the defendant was purely fictitious, as it seems to have been, it would be unfair and unjust to permit the plaintiff at this time to take advantage of that fact. His attorney acquiesced in the request of the defendant's attorney that he, the plaintiff's attorney, request the court to enter an appearance on behalf of the defendant. He complied with that request. He assented, in other words, to the court's proceeding with the case as though the defendant were present personally or represented by his attorney. To effectuate justice he

must be held estopped to now claim that the defendant was not there or represented.

If the defendant had been actually present or had been represented by counsel, he would have been, under the circumstances which followed, entitled to appeal generally to the circuit court. A written answer is not required in the practice of our district courts. The practice to the contrary has been too long established to permit now of any other ruling. So, also, the fact that a defendant who is present watching the proceedings, offers no evidence and advances no contentions of law, suffering judgment to go against him upon the evidence of the plaintiff, nevertheless is entitled to appeal generally to the circuit court. This is equally well established by the long-continued practice in district courts. Cases in our reports dealing with attempted appeals from judgments by default do not apply.

The question whether the motion in the district court for judgment on the pleadings was correctly granted under the existing circumstances is one that does not properly arise on a motion to dismiss the appeal.

The reserved question is answered in the negative.

*W. R. Ouderkirk* for plaintiff.

*E. J. Botts* for defendant.