[File No. 7242]

In the Matter of the Exclusion of Lands from the Heart River Irrigation District. NATHANIEL C. STARK and Alice Stark; Donald W. Ingalls and Evelyn C. Ingalls; Nancy Hendrickson and Carl Hendrickson; John Christianson, Hugo Rask and Edith Rask, Respondents, v. HEART RIVER IRRIGATION DISTRICT, a body corporate, Appellant.

(47 NW2d 126)

Opinion filed February 14, 1951

*Sullivan, Kelsch & Scanlon,* for appellant.

*Strutz, Jansonius & Fleck,* for respondent.

NELSON, District Judge. Appellant, Heart River Irrigation District, is a body corporate duly organized under the provisions of Chap. 61–05 NDRC 1943. It is governed by a board of three directors, hereinafter referred to as the board. Respondents own lands within the district, portions of which they seek to have excluded therefrom and proceeding under Sec 61–1014 NDRC 1943 filed with the board their several petitions praying that certain of the lands therein described be excluded from such district. After notice and hearing the board granted the petitions in part and denied them in part. The affected land owners appealed to the district court from that part of the board's decision denying their petitions. The cause was tried de novo in the district court which made findings and conclusions favorable to the petitioners and ordered judgment accordingly. The irrigation district thereupon appealed to this court from the judgment entered pursuant to the order.

The respondents have moved to dismiss the appeal on the ground that an appeal by the district does not lie and is not permitted under the laws of this state, and, therefore, this court has no jurisdiction over the person and subject matter herein. The appellant irrigation district insists it is entitled to maintain its appeal under the general law, Sec 28–2701 NDRC 1943. The issue raised by the motion to dismiss will be determined prior to considering the appeal on its merits. It is conceded by both sides that the district court had jurisdiction of the parties and the subject matter of the proceeding.

In support of their motion respondents call attention to the provisions of Sec 61–0733 NDRC 1943 and Sec 39–0612 NDRC

1943 and by comparing the two statutes draw therefrom the conclusion that the holding of this court in Helland v. Jones, 76 ND 511, 37 NW2d 513, applies here and is decisive of their motion. The two statutes differ materially. Sec 39–0612 provides that "The action of the commissioner in refusing to issue a license to any person under the provisions of this chapter shall be subject to review in the district court of the county in which the applicant is a resident by a proceeding in the nature of an order to show cause directed to the commissioner. If it shall appear that the refusal of the commissioner to issue such license is unlawful or unreasonable the court shall order the issuance of such license, and the commissioner thereupon shall comply with such order. In case of an adverse decision by the district court in such proceeding, the applicant shall be entitled to take an appeal therefrom to the supreme court." Sec 61–0733 so far as material here provides: "An appeal may be taken to the district court from any order, act or decision of a board of an irrigation district by any person claiming to be aggrieved thereby . . . such appeal shall be taken by serving notice of appeal on the chairman or the secretary of the board and by filing the notice, proof of service thereof, and the undertaking required in this section, with the clerk of the district court of the county in which the appeal is taken. To effect an appeal, an undertaking must be executed by the appellant conditioned, etc. . . . Such undertaking shall be made to the irrigation district and may be enforced by the district as obligee. . . . An appeal thus taken shall be docketed as any cause pending in the district court is docketed and shall be heard and determined de novo. The district court may enter such order as the court shall deem just and proper."

The review provided for in Sec 39–0612 is by a summary proceeding in the nature of an order to show cause; the statute directs what order the court shall make, if it shall appear that the commissioner's refusal to issue the license was unlawful or unreasonable and makes compliance with the order mandatory on the commissioner. There is then the specific provision for appeal to the supreme court *by the applicant.* (emphasis ours.)

In contrast therewith Sec 61–0733 makes no provision for a review of the action of the board by the district court, but specifically provides that on appeal from the decision of the board the cause shall be heard and determined de novo. The District Court under the latter section does not act as an appellate tribunal, nor as a reviewing court, but as a trial court hearing the cause anew with power to enter such order as it shall deem just and proper. The statute is mandatory that the cause be tried de novo in the district court. By "de novo" is meant a second time. Collier v. Astor, 9 Cal2d 202, 70 P2d 171. "Under such a provision (for a trial de novo) the court cannot, and should not, determine the questions submitted for its decision upon the record made before the board of directors, but upon evidence actually produced at its own hearing." In re Ahern v. Board of Directors of High Line Irrigation District, 39 Colo 409, 89 Pac 963. The statute is silent on the matter of appeal to the supreme court. There is no provision that the order of the district court shall direct the board what action to take or that the order of the district court shall be final, nor is there any language in the statute from which it can be inferred that the legislature intended that the order of the court should be final. The unilateral right of appeal to the supreme court conferred on the applicant by Sec 39–0612 is lacking. In enacting Sec 61–0733 the legislature neither granted, withheld or limited the right of appeal from the decision of the district court, nor is there anything in the act which conflicts with the general appeal statute. The only appeal provided for by Sec 61–0733 is *to* the district court, while Sec 39–0612 provides for appeals both *to* and *from* such court. (Emphasis ours). The decision in Helland v. Jones, supra, is, therefore, not controlling in the instant case.

Respondents next contend that the rule of law—where a special statute creates a new remedy to meet a new situation and an appeal is not given by the special law creating the procedure no appeal lies and that the general provisions relating to appeals are not applicable—should apply here. The history of Sec 61–0733 does not support this contention. Irrigation is not

a new subject of legislation in this state. Chap 43, Laws of 1890, enacted at the first session of the legislative assembly after statehood, provided procedure for raising taxes for irrigation purposes. At the 1905 session of the legislature an "irrigation code" was adopted: Chap 34, Laws of 1905. The 1917 session of the legislature enacted a more comprehensive irrigation law (Chap 115 Laws of 1917) which is now embraced in Chapters 61–05 to 61–11, both inclusive, NDRC 1943. Chapter 115 Laws of 1917, as originally enacted did not contain Sec 61–0733. That section was not added to the irrigation law until 1939. It is argued that because Sec 61–0733 makes no provision for appeals to the supreme court no such right exists. Our code is replete with statutes providing for appeals to the district court with no provision in such statutes for appeals to the supreme court. Appeals from judgments rendered by the district courts under such statutes have been prosecuted repeatedly since statehood, under the general appeal statute, with no question being raised to the jurisdiction of this court to hear such appeals. See: Re Peterson's Estate, 22 ND 480, 134 NW 751 (Sec 30–1811 NDRC 1943); McHenry County v. Brady, 37 ND 59, 163 NW 540 (Sec 61–2117 NDRC 1943); Mercer County v. Sailer, 47 ND 203, 181 NW 885 (Sec 24–0722 NDRC 1943); North Dakota State Highway Commission v. Great Northern Railway Company, 51 ND 680, 200 NW 796 (Sec 49–1114 NDRC 1943); Appeal of Burleigh County 54 ND 919, 212 NW 233 (Sec 11–1139 NDRC 1943); Barnes v. Cass County, 59 ND 135, 228 NW 839 (Sec 61–2117 NDRC 1943); Lineburg v. Sandven, 74 ND 364, 21 NW2d 808 (Sec 24–0123 NDRC 1943); In re Guon, 76 ND 589, 38 NW2d 280 (Sec 3–0515, 1947 Supp RCND 1943.)

An intention on the part of the legislature to deny the right of appeal because of a failure or omission to provide therefor in a special act, will not lightly be assumed or inferred. "The right to an appeal is a substantial right, and, while it is purely statutory, a statute will not be construed as taking away the right of appeal unless the language used clearly shows such an intent." O'Donnell v. Sixth Judicial District Court, 40 Nev 428, 165 Pac 759.

Lastly, respondents contend the appeal does not lie because appellant is not "a person claiming to be aggrieved," within the meaning of the statute, and that it has no personal interest in the subject matter of the proceeding. Respondents argue that the reference in the statute to "any person claiming to be aggrieved" can refer only to persons who might claim to be aggrieved by any order, at or decision of the board and does not refer to any person who might claim to be aggrieved by the decision of the district court. Sec 61-0701 NDRC 1943, defining the powers and duties of an irrigation district, provides, among other things, that it shall be a body corporate, possess all the powers and duties usual to corporations organized for public purposes . . . may sue and be sued in its corporate name . . . in all courts, actions, suits or proceedings . . . . The word "person", as used in Sec 61-0733, has been held to include counties, Waterbury v. Deer Lodge County Commissioners, 10 Mont 515, 26 Pac 1002; a county board of education, Dalzell v. Bourbon County Board of Education, 193 Ky 171, 235 SW 360. A township was included in the term " 'person aggrieved' entitled to appeal." In Re Borough of North Braddock, 126 Pa Super 53, 190 A 357. The appellant, being a body corporate is a "person" within the meaning of Sec 61-0733 and as such has an interest in the subject matter of the action.

The situation in People ex rel. Burnham v. Jones, 110 NY 509, 18 NE 432, was very similar to the case at bar. There, as here, the governing body was vested with broad discretionary powers. The statute involved there conferred on the land commissioners power to grant so much of the land under navigable waters as they should deem necessary to promote the commerce of the state. Under the statute the commissioners had passed a resolution that a patent issue to an applicant, the resolution was reversed by the supreme court and then appealed to the court of appeals by the commissioners. It was contended in that case that the commissioners were not aggrieved by the decision of the supreme court, and were, therefore, not entitled to maintain the appeal. In disposing of that contention the court said: "That decision interferes with them in the dis-

charge of their duties. They having resolved that it was their duty under the statute to convey the land to the brewing company, determined to do so, and this decision arrests their action. The statute gave them power to grant so much of the lands under navigable waters as they should deem necessary to promote the commerce of the state, or for the beneficial enjoyment of the same by the adjacent upland owners. And this decision, if sustained, interferes with their exercise of this power. It is their duty, representing both public and private interests, to defend any determination which they have made and which they believe to be right. Having determined that the Bartholomay Brewing Company was the adjacent upland owner and thus entitled to the grant asked for, they should defend their decision and not permit the land to be conveyed to any other claimant. While, therefore, they did not have any property or pecuniary interest in the matter in controversy, they were, nevertheless, we think, in a legal sense aggrieved by the decision appealed from."

See also Morde v. Stearns County, 43 Minn 312, 45 NW 435. It is of the utmost concern to the district that its territorial limits and the irrigable area within those limits be legally ascertained and maintained. The erroneous or illegal exclusion of material portions of such area could adversely affect the remainder of the lands in the district so far as unit costs, etc., are concerned and could seriously handicap the board in carrying out the very objects for which the district was created. If the district has no personal interest in the proceeding in district court the provision of the statute requiring a bond on appeal, with the irrigation district as obligee, is meaningless, because if it has no interest in the outcome of the proceeding in the district court it has nothing the bond could protect. If, as respondents contend, the decision of the district court is final it is final as to all of the parties because there is no provision in Chap 61–07 NDRC 1943 conferring the right of appeal to the supreme court on any party. Clearly the district has an interest in the subject matter of the proceedings which it is entitled to protect by appeal.

The law is well settled in this state that the right and regulation of appeals are entirely statutory; that the legislature is at

liberty (within constitutional limits) to authorize, prohibit or limit the right of appeal to such cases as it shall deem proper; that an appeal is a privilege which must be conferred by authority upon the person who would enjoy it and such person must show the law conferring it upon him. Helland v. Jones, supra, and cases and authorities there cited.

Section 28–2701 NDRC 1943, on which the appellant bases its right to appeal, reads: "A judgment or order in a civil action or in special proceedings in any of the district courts may be removed to the supreme court by appeal." Two theories are advanced in support of appellant's claimed right of appeal. First, that the legal effect of the provisions of Sec 61–0733 is to vest the district court with original jurisdiction to try and determine all questions of law and fact, independent of any determination made by the board of directors, with the same effect as though the proceeding had originally been commenced in the district court, and that hence the judgment entered is the judgment of the district court and not merely its decision as on appeal passing only on the legality of the action taken by the board of directors, and, being a final judgment of the district court it may be appealed to the supreme court under the general appeal statute, the same as any other judgment of the district court. Second, that if the judgment of the district court is not a judgment rendered in a "civil action" it is a judgment of the district court rendered in "special proceedings." "Remedies in the courts of justice are by the Code of North Dakota divided into actions and special proceedings. See Rev Codes 1905, Sec 6741 (Sec 32–0101 NDRC 1943) 'An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' Rev Codes 1905 Sec 6742, (Sec 32–0102 NDRC 1943) 'Every other remedy is a special proceeding.' Rev Codes 1905, Sec 6743 (Sec 32–0104 NDRC 1943)." Dow v. Lillie, 26 ND 512, 144 NW 1082, LRA1915D 754. Whether the judgment of the district court from which this appeal was taken is one "rendered in a civil action" or one rendered in "special proceedings" is un-

necessary to determine at this time as the statute applies alike to both.

The right of appeal must be found within some statute. However, statutes conferring, extending or regulating the right of appeal should be liberally construed for the furtherance of justice. Anderson v. Standard Lumber Co., 60 Cal App 445, 213 P 65. Such statutes "must be liberally construed to maintain the right to appeal." State v. District Court of Lewis and Clark County, 92 Mont 587, 19 P2d 226. "If such a statute is susceptible of different meanings it will be construed, and the doubt will be resolved, in favor of the right of appeal." Spencer v. City of Portland, 114 Or 381, 235 P 279, cited in Helland v. Jones, supra. See also United States v. American Bell Teleph. Co. 159 US 548, 40 L ed 255, 16 S Ct 69; 2 Am Jur 849, Sec 7; 4 CJS 343, sec 167. Applying the rule of liberal construction to the statutes here involved we find nothing denying or limiting the right of the irrigation district to maintain its appeal to this court.

Under Chap 28–27 NDRC 1943 the irrigation district is entitled to maintain its appeal from the judgment of the district court rendered pursuant to the provisions of Sec 61–0733 NDRC 1943.

The motion to dismiss the appeal is denied.

MORRIS, C. J., BURKE and GRIMSON, JJ., and THOM, Dist. J., concur.

CHRISTIANSON and SATHRE, JJ., disqualified, did not participate.

THOM and NELSON, District Judges, sitting in their stead.