CREDIT ASSOCIATES OF MAUI, LTD., A HAWAII CORPORATION *v.* FRANK MONTILLIANO aka FRANK F. MONTILLIANO AND DOLORES MONTILLIANO.

No. 4832.

October 27, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT OF MARUMOTO, J.

Plaintiff is a collection agency licensed under HRS c. 443. It brought an action against defendants in the Wailuku district court to collect five assigned accounts totaling $193.96.

To the action, defendants interposed a motion to dismiss on the ground that plaintiff was engaged in unlawful practice of law. This raised the issue of plaintiff's standing to sue. The district magistrate granted the motion after holding a hearing which was limited to the taking of evidence and consideration of arguments on that issue and which did not touch upon the merits of plaintiff's claim. Plaintiff then filed a notice of appeal for a trial de novo in the second circuit court.

In the circuit court, defendants moved to dismiss the appeal on the ground that it was not properly perfected. They contended that the appeal was defective in that the decision appealed from was on the issue of plaintiff's standing to sue; that such issue involved only a question of law; that where the decision appealed from presented only a question of law, the applicable statute required that the notice of appeal contain a statement that it was taken on a point of law; and that the notice of appeal in this case did not contain such statement.

The circuit court granted defendants' motion, and dismissed the appeal. The case is before this court on plaintiff's appeal from that dismissal.

We hold that the circuit court erred in dismissing plaintiff's appeal on the ground stated in defendants' motion.

At the time plaintiff filed its notice of appeal, R.L.H. 1955, § 208-1, governed appeals of magistrates' decisions to circuit courts. That statute provided: "Appeals shall be allowed from all decisions of district magistrates in all matters, whether civil or criminal, to the circuit court of the same circuit, whenever the party appealing shall file notice of his appeal and shall pay the costs accrued and unpaid within ten days."

It is defendants' position that plaintiff's appeal in this case was governed not by the statutory provision quoted above but by the proviso in the same statute which read: "provided, that any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal, and such appeal upon points of law may be made either to the circuit court of the same circuit, or to the supreme court, at the option of the party appealing whenever the party appealing shall file notice of his appeal and shall pay the costs accrued within ten days."

Defendants' position is a mechanical one. Under it, an appeal, which involves only a question of law, stands or falls, depending on the presence or absence of the magic words, "this appeal is taken on a point of law," or their equivalent, in the notice of appeal.

There were times in the past when this court took positions which were quite rigid. For instance, in *Au Hoy* v. *Ching Mun Shee*, 33 Haw. 239 (1934), this court held that, where a petition for writ of error and a bond required to be filed in connection therewith were presented together to the clerk of court and the clerk of court stamped the petition as having been filed before the bond, the petition was subject to dismissal because the bond was not filed before the petition, as commanded in the statute; and in

*Marks* v. *Waiahole Water Co.*, 36 Haw. 188 (1942), this court held that, where the statute required the filing of a bond as a prerequisite to the issuance of a writ of error, a deposit of cash in lieu of a bond did not satisfy the statutory mandate. In both cases, this court stated that the statutory language was "free of any ambiguity."

Subsequently, this court has taken a more flexible position. In *Chang* v. *Meagher,* 40 Haw. 96, 102 (1953), this court stated: "While the most desirable construction of a statute is that which is consistent with the spirit and letter thereof, both of which should be considered, frequently the purpose of an Act justifies the departure from a literal construction of the wording." That position is in line with the following statement of Judge Cardozo in *Wood* v. *Duff-Gordon,* 222 N.Y. 88, 91, 118 N.E. 214 (1917): "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today."

In construing R.L.H. 1955, § 208-1, the appeal provisions in H.R.C.P. Rule 73 are instructive. Rule 73(a) requires that a notice of appeal be filed within thirty days from the entry of the judgment appealed from. This is jurisdictional. Rule 73(b) provides that the notice of appeal designate the judgment or part thereof appealed from. This is not jurisdictional, and strict compliance therewith is not required for a valid appeal.

Similarly, we hold that the only jurisdictional requirement in R.L.H. 1955, § 208-1, was the timely filing of notice of appeal.

We are aware that there is a difference between Rule 73(b) and the proviso in question here. Rule 73(b) is not jurisdictional because Rule 73(a) specifically states that the failure to take any steps other than the timely filing of notice of appeal does not affect the validity of

the appeal. § 208-1 contained no provision which expressly stated that the proviso was nonjurisdictional.

The difference is not material. In its context, the proviso is not crystal clear in meaning. Also, there is nothing in the history of the proviso which discloses a clear legislative intent to make it jurisdictional. The precise language of the proviso in § 208-1 first appeared in S.L.H. 1892, c. 57, § 68. Before that, a corresponding provision of Civil Code 1859, c. 17, § 1006, read as follows: "provided, always, that where such appeal is taken solely upon exceptions to the decision of the [district] justice on points of law, the appeal shall be heard and determined by the appellate court in *banco*."

We think that § 208-1 was designed to accomplish the following result: to grant to the circuit court of the same circuit, upon the timely filing of notice of appeal, appellate jurisdiction over the district magistrate's decision appealed from, the scope of the appellate jurisdiction so granted to be limited to the questions of fact and questions of law involved in the magistrate's decision where the appeal was a general one, and to be limited to the questions of law involved in the decision where the appeal was stated to be on points of law. Under this construction, the proviso did not go to the existence of appellate jurisdiction, but only went to the scope of the jurisdiction.

Such construction is warranted by the applicable rules of statutory construction. Statutes governing appeals are liberally construed to uphold the right of appeal. *Davis v. Campbell*, 24 Ariz. 77, 80, 206 P. 1078, 1079 (1922); *In re Heart River Irrigation District*, 77 N.D. 827, 836, 47 N.W. 2d 126, 130 (1951). With reference to provisos, the rule is that they "should be strictly construed and so interpreted as not to destroy the remedial processes intended to be accomplished by the enactment." *Shilkret v. Musicraft Records*, 131 F.2d 929, 931 (2nd Cir. 1942). It

has also been stated that provisos are "qualifiers, not nulli-fiers." *Commonwealth of Pennsylvania* v. *Brown,* 260 F. Supp. 323, 351 (1966).

Defendants relied on *Garcia* v. *Mendonca,* 7 Haw. 194 (1887), and *Matsumoto* v. *Toraichi,* 30 Haw. 468 (1928).

*Garcia* v. *Mendonca* is not apposite. At the time that case was decided, the applicable statute did not contain the proviso which is in question here.

In *Matsumoto* v. *Toraichi,* plaintiff was nonsuited in the district court for failure to adduce sufficient evidence to establish his claim. He then appealed to the circuit court for a jury trial on the merits. The circuit court dismissed the appeal pursuant to defendant's motion to dismiss. The motion was made on the ground that a nonsuit for insufficiency of evidence to establish a claim presented only a question of law, and was taken as a general appeal and not as an appeal on a point of law.

Standing alone, *Matsumoto* v. *Toraichi* supports the position of defendants. However, two years later, in *Nylen Brothers* v. *Murata,* 31 Haw. 619 (1930), this court held that a defendant against whom a judgment was entered in the district court was entitled to take a general appeal for a jury trial of the merits of the claim in the circuit court, even though he filed no answer, offered no evidence, and advanced no contention of law before the magistrate. In so holding, the court did not cite any authority, although *Matsumoto* v. *Toraichi* was mentioned in plaintiff's brief, and rested the decision merely on the following cavalier statement:

"If the defendant had been actually present or had been represented by counsel, he would have been, under the circumstances which followed, entitled to appeal generally to the circuit court. A written answer is not required in the practice of our district courts. The practice to the contrary has been too long established

to permit now of any other ruling. So, also, the fact that a defendant who is present watching the proceedings, offers no evidence and advances no contentions of law, suffering judgment to go against him upon the evidence of the plaintiff, nevertheless is entitled to appeal generally to the circuit court. This is equally well established by the long-continued practice in district courts."

*Matsumoto* v. *Toraichi* and *Nylen Brothers* v. *Murata* are irreconcilable. Both cases were general appeals to circuit courts from magistrates' decisions on questions of law. The only difference in the two cases was that in the former plaintiff was the aggrieved party, while in the latter defendant was the aggrieved party. That should not make any difference in result.

We overrule *Matsumoto* v. *Toraichi*. We think that under the notice of appeal in that case, plaintiff was entitled to have the circuit court consider the legal sufficiency of the evidence adduced in the district court to establish his claim, although he was not entitled to have a trial of the merits of his claim in the circuit court. We likewise overrule *Nylen Brothers* v. *Murata*. That case involved an issue of law as to whether the magistrate correctly entered a judgment for plaintiff on a verified complaint when defendant made his appearance but offered no evidence to establish his claim. We think that under the notice of appeal in that case, defendant was entitled to have the circuit court consider that issue of law, but not to have a trial on the merits.

In this case, inasmuch as the district magistrate's decision appealed from did not touch upon the merits of plaintiff's claim, but was concerned only with the issue of plaintiff's standing to sue, the appellate jurisdiction of the circuit court is limited to the determination of rele-

332

vant facts and consideration of applicable law on that issue.

Reversed and remanded, with direction to proceed in accordance with this opinion.

*William F. Crockett* (*Crockett & Crockett* of counsel) for appellant.

*John W. K. Chang,* Associate Counsel, Legal Aid Society (*Ronald Y. C. Yee,* General Counsel, with him on the brief), for appellees.