ROBERT L. MORGAN AND DELORES D. MORGAN
*v.* HARRY A. FULLER.

No. 4899.

MARCH 11, 1970.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal from an order of the first circuit court remanding for a new trial in the district court of Koolaupoko a tort action which was originally filed by plaintiffs in that district court. The case was tried there, dismissed at the close of plaintiffs' case for insufficiency of evidence, and appealed by plaintiffs to the circuit court "for trial, jury demanded."

The appeal to the circuit court was, in form, a general appeal for a trial de novo on the merits. It was so intended by plaintiffs.

It appears that defendant initially saw nothing wrong with the appeal. He raised no question about it. So, the

circuit court set the case for trial by it on the merits, with plaintiffs and defendant stipulating to a waiver of jury.

However, when the trial commenced, defendant objected to the court conducting a de novo trial on the ground that the appeal presented only a question of law. The court reserved its ruling on the objection, pending the filing of a written motion, and proceeded to hear plaintiffs' case.

When plaintiffs completed the presentation of their evidence and rested, defendant moved for a directed verdict. Inasmuch as the trial was without a jury, the motion was equivalent to a motion to dismiss under H.R.C.P. Rule 41(b), for plaintiffs' failure to show a right to relief. The court denied the motion, and recessed to permit defendant to file his written objection to a de novo trial.

Upon the filing of such motion, the court agreed with defendant that plaintiffs' appeal presented only a question of law, but was unable to decide the question of law because it did not have before it the evidence upon which the dismissal was based. In the circumstance, the court deemed a remand for a new trial in the district court the fairest disposition of the appeal, and entered the order in question here.

Recently in *Credit Associates of Maui, Ltd.* v. *Montilliano*, 51 Haw. 325, 460 P.2d 762 (1969), we held that where a general appeal is taken from a district court judgment to a circuit court, if the judgment appealed from presents only a question of law, appellant will be entitled to have the circuit court consider the issue of law, but not to have a trial on the merits.

This case involves a point not covered in *Credit Asso ciates of Maui, Ltd.* That case assumes that in the case of an appeal presenting a question of law there is a record upon which the question of law can be decided. Here, there was no such record.

Defendant urges upon this court that it was incumbent upon plaintiffs to furnish such record to the circuit court and their failure to do so called for a dismissal of the appeal to that court.

In this case, we hold that plaintiffs' failure to furnish a reviewable record to the circuit court did not warrant a dismissal of the appeal to that court. We so hold in view of the confused state of the law before *Credit Associates of Maui, Ltd.,* as discussed in our opinion in that case. In the state of the law existing at the time plaintiffs took their appeal, they were not without justification in assuming that they were entitled to a de novo trial in the circuit court. If they were entitled to a de novo trial, a record of the evidence adduced in the district court would have been unnecessary.

Since there is no record, appellate review on the question of law is impossible. Here, however, the circuit court has already heard plaintiffs' case, found the case as presented by plaintiffs not to be subject to dismissal under H.R.C.P. Rule 41(b), and a transcript of the evidence presented to it is available. No useful purpose is served by sending the case back to the district court since the district magistrate cannot recreate a record for appeal from memory. So, we reverse the order of remand entered by the circuit court and direct that court to proceed with the trial de novo of the case to completion.

In order to prevent a problem similar to the problem which troubled the circuit court in this case from occurring in the future, we require the procedure stated below to be followed in an appeal to a circuit court from a district court judgment where a record of evidence adduced in the district court is essential to appellate action.

A district court is not a court of record and is not required to preserve a stenographic record of its proceedings. However, it may have a clerk reporter, who takes

notes of the proceedings. Where such clerk reporter happens to take verbatim notes of the proceedings, appellant shall order a transcript and have the same prepared under the same arrangement as transcripts are ordered and prepared in a circuit court, and have the transcript included in the appeal documents; otherwise, appellant shall have the magistrate prepare a statement of the evidence upon which he based his decision, upon the noting of appeal, and have such statement included in the appeal documents.

Remanded to the circuit court with direction to proceed as stated above.

*Ronald G. S. Au* (*Chuck & Fujiyama* of counsel) for defendant-appellant.

*Allen Wong* for plaintiffs-appellees.