## UNITED STATES of America

v.

## Tino FIUMARA, Michael Copolla, Jerry Copolla and Larry Ricci.

### Appeal of Tino FIUMARA.

### No. 79–1937.

United States Court of Appeals, Third Circuit.

Submitted Aug. 6, 1979.

Decided Sept. 5, 1979.

Matthew P. Boylan, Theodore V. Wells, Jr., Lowenstein, Sandler, Brochin, Kohl, Fisher & Boylan, A Professional Corporation, Newark, N. J., Dennis D. S. McAlevy, Hoboken, N. J., for appellant.

Robert J. Del Tufo, U. S. Atty., Newark, N. J., for appellee; Maryanne T. Desmond, Chief, Appeals Div., Mark J. Malone, Asst. U. S. Attys., Newark, N. J., on brief.

Before ALDISERT and WEIS, Circuit Judges.

### OPINION OF THE COURT

WEIS, Circuit Judge.

The defendant in this criminal proceeding has asked that we enter a stay or enjoin his

sentencing proceedings in the district court pending appeal or consideration of a petition for mandamus. He contends that the district court's refusal to exclude the public and press from his sentencing hearing will result in publicity jeopardizing his right to a fair trial in a case pending in a neighboring district. We do not read *Gannett Co. v. DePasquale,* —— U.S. ——, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), to grant the defendant a constitutional right to a private hearing in the circumstances of this case. Entertaining substantial doubts as to the likelihood of his success, both on the merits and on jurisdictional grounds, we deny defendant's motion.

The defendant was convicted on June 20, 1979, of violations of the Hobbs Act, 18 U.S.C. §§ 1951–1952 (1976), and a presentence report was prepared at the direction of the trial judge. After reviewing the report, which contained references to other criminal activity, the defense requested a hearing at which it proposed to refute some of those allegations.

The trial and conviction were in the United States District Court for New Jersey sitting in Newark, New Jersey, and it was there that the sentencing hearing was scheduled for July 17, 1979. At that time, the defendant was under indictment for numerous other offenses, and was scheduled for trial in the Southern District of New York in October 1979. Many of the same newspapers and television stations that cover the district court in Newark also service New York City where the court for the Southern District of New York conducts its trials. The defendant timely asked that the public and press be excluded from the evidentiary hearing on the ground that prejudicial matters inadmissible in the New York trial would be divulged.[1] The United States Attorney objected to closing the hearing, and the trial judge denied the defendant's request. A single judge of this

court granted interim relief, pending submission of defendant's request for a stay to a motions panel.

In passing upon a motion for a stay, we consider the following factors:

1. the likelihood that the petitioner will prevail on the merits of the appeal;
2. whether there will be irreparable injury to the petitioner unless a stay is granted;
3. whether there will be substantial harm to other interested parties; and
4. the public interest.

*See Croskey Street Concerned Citizens v. Romney,* 459 F.2d 109, 111–12 (3d Cir. 1972) (Aldisert, J., concurring); 9 Moore's Federal Practice ¶ 62.05, at 62–25 (2d ed. 1975). Addressing the first of these factors we must weigh not only the likelihood of success on the merits but also whether the defendant will be able to satisfy the threshold requirements of jurisdiction. Defendant asserts in his brief that the order of the district court is reviewable at this stage and that as an alternative, jurisdiction exists for mandamus. Both the appeal and the proposed petition for mandamus, however, pose problems in the circumstances present here.

First, it is doubtful that the district court's order is immediately appealable. Defendant concedes that the order is not final within the usual meaning of 28 U.S.C. § 1291, but argues that it comes within the exception to the rule of finality described in *Cohen v. Beneficial Finance Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and applied to interlocutory orders within

"that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–1226.

---

1. Under 18 U.S.C. § 3577 matters inadmissible as evidence at trial are not barred from disclosure to the court after a defendant's conviction. That section provides:

"No limitation shall be placed on the information concerning the background, charac-

ter, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The collateral order doctrine has been applied, though sparingly, in the criminal context. As the Court observed in *United States v. MacDonald,* 435 U.S. 850, 854, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978): "the rule of finality has particular force in criminal prosecutions because 'encouragement of delay is fatal to the vindication of the criminal law.' *Cobbledick v. United States,* 309 U.S. [323, 325, 60 S.Ct. 540, 81 L.Ed. 783 (1940)]." In *Abney v. United States,* 431 U.S. 651, 656–63, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977), the Court set out three requirements for immediate appeal of a collateral order:

1.  the district court's order must have finally disposed of the question and did not leave the matter open, unfinished, or inconclusive;

2.  the decision is not simply a step toward final disposition of the case on the merits;

3.  the decision involves an important right which would be lost, probably irreparably, if review had to await final judgment.

Assuming, *arguendo,* that the first two requirements pose no barrier, we are not persuaded that the third has been hurdled in the case *sub judice.*

The defendant argues that he has a right to have the public excluded from the evidentiary hearing based on the holding in *Gannett Co. v. DePasquale, supra.* But in *Gannett,* the Court stated explicitly that a defendant has no constitutional right to compel a secret trial, —— U.S. at ——, 99 S.Ct. 2898. Moreover, it is significant that there the prosecutor agreed to bar the press, and the trial judge believed that an open hearing would pose a reasonable probability of prejudice to the defendant.

Another distinguishing feature is that the hearing at issue here is posttrial, rather than pretrial *as in Gannett.* The plurality opinion in that case formulated the question to be whether the public had "an independent constitutional right to insist upon access to a pretrial judicial proceeding," *id.* —— U.S. at ——, 99 S.Ct. at 2901, and the concurring opinion of the Chief Justice emphasized that the proceeding under scrutiny

was not a trial, but a pretrial hearing, *id.* —— U.S. at ——, 99 S.Ct. 2898. Here, by contrast, since defendant has already been convicted, the concern of the *Gannett* Court that the trial not be prejudiced by pretrial disclosures is not a consideration. Accordingly, we do not agree that the *Gannett* case supports the premise that the defendant acting alone has a constitutional right to exclude the public from a sentencing hearing.

Of course, defendant does have a right to a fair trial in the Southern District of New York. However, if publicity generated by the trial or evidentiary hearing in Newark affects the New York trial, he may then take appropriate steps there, the usual remedies of voir dire, change of venue, continuance, and the like being available in that forum. To that extent, therefore, the right to a fair trial in New York would not be irreparably lost by denying immediate review here.

We are mindful that the final judgment rule is to be broadly construed and that the *Cohen* exception must be kept within narrow bounds if the rule is to retain its vitality. Although this case may at best be in the "twilight zone of finality," that there is available a remedy in another forum weighs against use of the collateral order exception here. *See In re 1975–2 Grand Jury Investigation of Associated Milk Producers, Inc.,* 566 F.2d 1293, 1294 (5th Cir.), *cert. denied,* 437 U.S. 905, 98 S.Ct. 3092, 57 L.Ed.2d 1135 (1978). We conclude that the defendant has failed to make a strong showing that he is likely to prevail on his contention that the order is appealable, that he will be successful on the merits, or that without the stay he will be irreparably injured.

We do not overlook the strong statement of the court in the *Gannett* case that "[t]o safeguard the due process rights of the accused, a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity. *Sheppard v. Maxwell* [384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600], *supra.* And because of the Constitution's pervasive concern for these due process rights, a trial judge may surely take protective

measures even when they are not strictly and inescapably necessary." —— U.S. at ——, 99 S.Ct. at 2904.

The trial judge's responsibility is not limited solely to the case on his docket and in a situation like the one at bar he may not ignore the consequences in a nearby jurisdiction. But here it appears that preclusion of the public and press from the sentencing hearing is not the only way to protect the defendant's rights. The same result may be accomplished by simply postponing the sentencing until after the pending trial in New York is concluded. The defendant has already offered to remain in custody and waive any right he may have to prompt sentencing. Although there is some indication in the record that continuance of the hearing may be a hardship for one or more witnesses, it would seem that taking depositions, either in conventional form or by videotape, would satisfactorily resolve that problem.

Defendant also asserts that the publicity generated might be harmful should a retrial be ordered in the New Jersey case. He will have the opportunity to raise that contention in a direct appeal from the convictions already entered. The collateral order doctrine, therefore, is not applicable to that argument since no right will be lost by awaiting final judgment. In the posture of the case at bar, we need not comment upon the validity of the defendant's contention in this respect.

What we have said with regard to our doubts that the defendant can prevail on the merits of his request that the public be excluded similarly applies to the assertion that the order is reviewable under the court's mandamus power. As the Supreme Court noted in its discussion of the subject in *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), the moving party must show a "clear and indisputable" right to the writ. *Id.* at 662, 98 S.Ct. 2552. Courts of appeals have broad authority on direct appeal but a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), may issue only when "necessary or appropriate in aid of their respective jurisdictions." 437 U.S. at 661, 98 S.Ct. at 2557. Thus, although a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances "would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." *Will v. United States,* 389 U.S. 90, 98 n.6, 88 S.Ct. 269, 275, 19 L.Ed.2d 305 (1967).

We perceive no strong likelihood that the defendant would be successful in receiving a writ of mandamus directing the district judge to order a closed hearing in the circumstances of this case. Because we conclude that the defendant has failed to make the necessary showing to justify either the issuance of a stay or an injunction pending appeal, his motion will be denied.