**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Russell LaFONTAINE, Defendant and Appellant.**

**Crim. No. 708–B.**

Supreme Court of North Dakota.

April 30, 1980.

Cynthia A. Rothe, State's Atty., Fargo, for plaintiff and appellee.

Ramlo, Anderson & Associates, Fargo, for defendant and appellant; argued by Robert A. Ramlo, Fargo.

PEDERSON, Justice.

This involves a motion to dismiss an appeal from an interlocutory order denying a closure of pretrial proceedings in a criminal case. LaFontaine "admits that his appeal . . . is not within the purview of N.D. C.C. 29–28–06." The appeal is dismissed.

"The right to appeal is purely statutory, and an order is appealable only if it comes within the provisions of a specific statute. [Cites omitted.] The right to appeal is a substantial right, however, and statutes conferring the right of appeal must be liberally construed to maintain that right. If such a statute is susceptible of different meanings, it will be construed in favor of the right of appeal. [Cites omitted.]" *State v. Howe*, 247 N.W.2d 647, 651 (N.D.1976).

LaFontaine argues that the order which denied him closure of pretrial proceedings took away from him a substantial constitutional right and that, as we said in *State v. Jelliff*, 251 N.W.2d 1, 4 (N.D.1977), "statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect."

Section 29–28–06, NDCC, provides:

"An appeal may be taken by the defendant from:

1. A verdict of guilty;

2. A final judgment of conviction;

3. An order refusing a motion in arrest of judgment;

4. An order denying a motion for a new trial; or

5. An order made after judgment affecting any substantial right of the party."

The United States Supreme Court where, unlike North Dakota, appeals are not a matter of right, has said in a civil case that an order is appealable "because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). The same principle has been said to be applicable to federal criminal cases. See *United States v. Fiumara*, 605 F.2d 116, 117 (3d Cir. 1979), which refers to an exception to the rule of finality under 28 U.S.C. § 1291 that permits appeals when the right asserted is "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Neither *Cohen v. Beneficial Loan Corp.* nor *United States v. Fiumara* has application to appeals to this court. We must therefore independently determine, under North Dakota law, whether or not a liberal construction of § 29–28–06, or any other maxim of law, permits this appeal.

LaFontaine misreads *Gannett Co. v. DePasquale*, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), when he relies on it to support his contention that the refusal to grant closure deprived him of a substantial constitutional right. To the contrary, both the majority opinion and the dissent in that case acknowledged the validity of the principle stated in *Singer v. United States*, 380 U.S. 24, 35, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1964), that although an accused has a constitutional right to a public trial which he can waive under some circumstances, he has no absolute right to compel a private trial. See also *United States v. Fiumara, supra*, where the contention that *Gannett Co. v. DePasquale* supported a right to have the public excluded was rejected.

The Sixth Amendment to the United States Constitution provides in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy

and public trial, by an impartial jury . . . ."

■ Section 13 of the Constitution of North Dakota provides in part:

"In criminal prosecutions in any court whatever, the party accused shall have the right to a speedy and public trial . . . ."

Section 29–07–14, NDCC, states:

"The magistrate holding a preliminary hearing, upon the request of the defendant, may exclude from the examination every person except his clerk, the prosecutor and his counsel, the attorney general of the state, the state's attorney of the county, the defendant and his counsel, and such other person as he may designate, and the officer having the defendant in custody, but such exclusion, and the extent thereof, shall be within the discretion of the court." [1]

■ As the record in this case stands, LaFontaine has made an initial appearance before the magistrate on several felony counts and bond has been set. The record does not show it, but apparently the trial court has stayed further proceedings pending the results of the appeal. It is difficult to comprehend how an argument could be made that even a most liberal interpretation of § 29–28–06 would permit us to find any of the five subsections applicable in a case in which not even a preliminary hearing has been held. LaFontaine's appeal is clearly not authorized by § 29–28–06.

Finally, it is contended that Rule 4(b), NDRAppP, allows this appeal. Only a most tortuous route could lead to that conclusion. Rule 4(b) does not permit appeals not allowed by § 29–28–06. LaFontaine's argument is not persuasive.

The appeal is dismissed and any stays of proceedings which may have been ordered are to be forthwith vacated in order to permit a speedy trial to which LaFontaine

is entitled under the state and federal constitutions.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ.

---

1. The exclusion of certain persons from the courtroom during criminal proceedings may not always change the trial from a public trial to a private or secret trial. See *State v. Nyhus*, 19 N.D. 326, 124 N.W. 71 (1909). The facts

presented to us by LaFontaine here fall far short of establishing an abuse of discretion as that term is defined in *Piper v. Piper*, 239 N.W.2d 1, 3 (N.D.1976).