STATE of North Dakota, Plaintiff
and Appellee,

v.

James H. PETERSON, Defendant
and Appellant.

Cr. No. 914.

Supreme Court of North Dakota.

May 26, 1983.

John P. Van Grinsven III, Asst. State's Atty., Minot, for plaintiff and appellee.

James H. Peterson, defendant and appellant, pro se.

SAND, Justice.

James H. Peterson appealed from an order denying his motion for court records and for removal of counsel.

On 28 October 1981 Peterson entered a plea of guilty to the charge of theft of property and services, a class C felony. Peterson received a five-year deferred imposition of sentence subject to various terms and conditions. Two petitions were subsequently filed with the district court alleging Peterson had violated conditions of his probation and seeking revocation of his deferred imposition of sentence. An attorney was appointed to represent Peterson at the revocation proceedings. After the revocation hearing on 19 August 1982, the district court revoked Peterson's deferred imposition of sentence and sentenced him to three years at the state penitentiary with two of those years suspended for a period of five years.

On 15 December 1982 Peterson, pro se, filed motions to obtain certain court records,[1] to relieve counsel of record, and to proceed in forma pauperis. On 30 December 1982 the district court entered an order denying Peterson's motion for the court rec-

---

1. The motion for court records provided, in part, as follows:

"Comes now the Defendant, and moves the Court for its order directing [the court-appointed attorney] to surrender to the Defendant his defense file and all related records and documents herein, or to direct the Court Clerk to prepare and forward to the Defendant, a copy of all oral proceedings from the arrest through the sentencing of the Defendant to the State Penitentiary; with the affida-vits, motions, all investigation reports, criminal complaint, information and or indictment filed with the Court or the lower Courts of Ward, issuing on the criminal Judgment of the Court on August 19, 1982, the Honorable ——————, Judge, presiding; whereby the Defendant can file a post-conviction application from the Court's Judgment and sentence imposed, under Chapter 29–32, North Dakota Century Code, and Rule 32 of the North Dakota Rules of Criminal Procedure."

ords because it concluded that Peterson had not followed "any recognizable procedure" [established any legal basis] entitling him to those records. The district court took no action on Peterson's motion to proceed in forma pauperis because it concluded the motion was premature, and it took no action on Peterson's motion to relieve counsel of record because there was nothing in the record to reflect that Peterson's court-appointed counsel was currently representing him. Peterson appealed from the "court's order denying the motions for court records and the removal of counsel." The State moved to dismiss Peterson's appeal on the ground that the appeal was from a nonappealable order.

The right of appeal in this State is governed purely by statute and an order is appealable only if it comes within the provisions of a specific statute. *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73 (N.D. 1981); *State v. LaFontaine*, 293 N.W.2d 426 (N.D.1980). Statutes conferring the right to appeal must be liberally construed to maintain the right to appeal. *State v. LaFontaine, supra.* The party attempting to appeal must show that the right to appeal comes within some statute. *In re Heart River Irrigation District*, 77 N.D. 827, 47 N.W.2d 126 (1951).

In this instance Peterson did not respond to the State's motion to dismiss, neither did he appear for oral argument before this Court.

North Dakota Century Code § 29–28–06 provides statutory authority for appeals by a defendant in a criminal case, and provides as follows:

"An appeal may be taken by the defendant from:
1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for a new trial; or
5. An order made after judgment affecting any substantial right of the party."

Peterson's appeal clearly does not fall within subsections 1 through 4 of NDCC § 29–28–06. Neither do we believe the order affects Peterson's substantial rights, under NDCC § 29–28–06(5). Peterson's motion for court records was denied because he had not set out any recognized legal basis entitling him to those records. This Court has stated several times that laws, rules, or statutes should not be modified or applied differently merely because a party not learned in the law is acting pro se. *E.g., State v. Faul*, 300 N.W.2d 827 (N.D.1980).

We conclude that Peterson's appeal is not authorized under the provisions of NDCC § 29–28–06, nor has he provided any other authority making the order appealable. Neither has he set out any legal basis entitling him to the records under the circumstances.

Furthermore, at the time Peterson made his motion in district court, he was incarcerated in the state penitentiary; however, since then, on or about 25 February 1983, he has been released from the state penitentiary. Consequently, his motion for court records is, in effect, moot because he has access to those records and can view them or have copies made. The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.