**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Merlyn YAGOW, Defendant and Appellant.**

Cr. No. 870355.

Supreme Court of North Dakota.

May 26, 1988.

Lyle R. Bopp (argued), State's Atty., Forman, for plaintiff and appellee.

Rudolph Lion Zalowitz (argued), Elizabeth, N.J., for defendant and appellant; appearance by DeLayne G. Nassif.

LEVINE, Justice.

Merlyn Yagow appeals from an order dismissing a criminal complaint charging him with disobeying a final order of the Sargent County Court requiring him to vacate certain premises. We dismiss the appeal.

Following Yagow's arrest for violation of NDCC § 12.1-10-05 (disobeying a judicial order), and arraignment, the Sargent County State's Attorney filed a motion to dismiss the charge on the ground that further prosecution would serve no legitimate purpose since Yagow had by that time obeyed the court order. Yagow's attorney unsuccessfully resisted the motion. This appeal followed.

Section 29-28-06, NDCC, authorizes a defendant in a criminal case to appeal from:

"1. A verdict of guilty;

2. A final judgment of conviction;

3. An order refusing a motion in arrest of judgment;

4. An order denying a motion for a new trial; or

5. An order made after judgment, affecting any substantial right of the party."

Noticeably absent from the statute is the right to appeal from an order dismissing the complaint. There is no right of appeal in the absence of a statute conferring such right. *City of Riverside v. Smuda,* 339 N.W.2d 768 (N.D.1983); *State v. Jenkins,* 339 N.W.2d 567 (N.D.1983); *State v. La-*

*Fontaine,* 293 N.W.2d 426 (N.D.1980); *State v. Johnson,* 142 N.W.2d 110 (N.D. 1966). Yagow has offered no legal authority in support of his position that his appeal from the order of dismissal is proper.

Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.