A decree may be entered for the enforcement of the Commission's order.

<br>

**BOWLES, Price Administrator, v.<br>CABOT et al.**

**No. 117.**

Circuit Court of Appeals, Second Circuit.

Jan. 30, 1946.

260

George Moncharsh, Deputy Administrator for Enforcement, David London, Chief, Appellate Branch, and Nathan Siegel, Special Appellate Atty., Office of Price Administration, all of Washington, D. C., and John Masterton, Regional Litigation Atty., of New York City, for plaintiff-appellant.

Clarence U. Carruth, Jr., of New York City (Bernard M. Kommel, Norman C. Wynroth, and Henry A. Stickney, all of New York City, of counsel), for defendants-appellees.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The verified complaint of the Provisional Government which was attached to the defendants' motion to dismiss said (a) that the trucks were bought "for export to plaintiff's colonies" and (b) for use or consumption other than in the course of trade or business."

The possibility of treating the defendants' motion to dismiss as a plea for summary judgment on the basis of the affidavit, in the form of the Provisional Government's sworn complaint attached to the defendants' motion papers was not urged upon us, nor was it considered by the court below. Had the motion been so treated, the question would then arise whether the allegations in the verified complaint were not so contradictory or ambiguous as to preclude relief in the form of a summary judgment. However, we do not feel that it is incumbent upon us to decide that question at this time.

Treating the motion to dismiss as one addressed simply to the sufficiency of the pleadings, it is apparent that the allegations of the Administrator's complaint were sufficient under Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule requires merely a "short and plain statement of the claim showing that the pleader is entitled to relief." All that was necessary to show the Administrator's standing to sue was a statement that the trucks had been purchased for use in the course of trade or business and that, consequently, the buyer was not a person entitled to bring the action, Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566. That the Administrator chose to draw his complaint in the words of the statute is not objectionable.

The proper procedure would appear to be the consolidation of the two claims under Federal Rule 42(a), thereby avoiding any conflict between the alternative plaintiffs.

Reversed and remanded.