R. O. JOHNSON, Plaintiff,

v.

R. C. GRANQUIST, Former Director of Internal Revenue for the District of Oregon, A. G. Erickson, Director of Internal Revenue for the District of Oregon, and The United States of America, Defendants.

Civ. No. 60–25.

United States District Court
D. Oregon.

Feb. 17, 1961.

Alexander & Tilbury and Roger Tilbury, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

KILKENNY, District Judge.

Action by plaintiff to recover from defendants income taxes, penalties and interest, assessed by defendants for the calendar years 1944, 1945, 1946, 1947, 1948, 1949, 1950, 1951, 1952, 1953, and 1954. Plaintiff filed income tax returns for those years, but when the same were reviewed by defendants a redetermination of the amount of income tax due from plaintiff was made. Subsequent to such redetermination, plaintiff signed a waiver of restrictions on assessments and on collection of the deficiency. Plaintiff alleges that such waiver was signed "by reason of duress and misapprehension." Based on the alleged deficiencies for said years defendants filed tax liens in Douglas County, Oregon, which liens became affixed to all properties owned by plaintiff in said County. Plaintiff has

paid the amount of the 1944 tax, interest and penalty, in full, but has only made a partial payment on the assessments for the remaining years. Plaintiff charges that the amount of the deficiency as assessed and determined for the year 1944 is grossly erroneous, in that it is based entirely on a false beginning net worth computation and on a grossly erroneous net worth computation at the end of said year. Plaintiff also charges that he is over 68 years of age, is infirm, is approaching senility and has never had the benefit of an education.

Defendants have moved to dismiss the complaint on two grounds, (1) the complaint fails to state a claim upon which relief can be granted, and (2) the suit is barred by § 7421, Internal Revenue Code of 1954.

On its face the complaint shows that plaintiff only paid a portion of the deficiencies which were assessed for the years 1945 to 1954, inclusive. This Court has no jurisdiction to entertain claims based on the deficiencies assessed for such years. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165.

The Internal Revenue Code prohibits a court from restraining the assessment or collection of a tax, except as therein provided. 26 U.S.C.A. § 7421. Defendants here contend that plaintiff is attempting to enjoin the collection of the taxes in question and the prayer of the complaint would indicate that plaintiff was seeking both a temporary and a permanent injunction against defendants. However, the prayer for relief is no part of the cause of action and the parties are entitled to such relief as the pleadings make out. Daniels v. Thomas, 10 Cir., 1955, 225 F.2d 795, certiorari denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815, rehearing denied 350 U.S. 977, 76 S.Ct. 430, 100 L.Ed. 847; Kansas City, St. L. & C. R. Co. v. Alton R. Co., 7 Cir., 1941, 124 F.2d 780; Keiser v. Walsh, 1941, 73 App.D.C. 167, 118 F.2d 13. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. United States v. Employing Plasterers Ass'n, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618; Bowles v. Cabot, 2 Cir., 1946, 153 F.2d 258; Hawkins v. Frick-Reid Supply Corp., 5 Cir., 1946, 154 F.2d 88; United States v. Louisville & Nashville R. Co., 6 Cir., 1955, 221 F.2d 698. However, the complaint must show that a legal wrong has been committed. Sutton v. Eastern Viavi Co., 7 Cir., 1943, 138 F.2d 959.

Considered most favorably from plaintiff's viewpoint, the complaint charges the defendants with a gross error in computing the deficiency. Clearly, the plaintiff is attempting to challenge the merits of the assessments. This he cannot do in a suit such as this. Bull v. United States, 1935, 295 U.S. 247, 259–261, 55 S.Ct. 695, 79 L.Ed. 1421; Pipola v. Chicco, 2 Cir., 1960, 274 F.2d 909, 912–913. Although this particular question has not been decided in the Ninth Circuit, United States v. James R. Coson, 9 Cir., 1961, 286 F.2d 453, I am of the opinion that the decision in Pipola is sound and that in a suit such as this a taxpayer cannot make inquiry into the merits of the assessment. If I adopt the plaintiff's theory as argued in his brief that he is seeking a temporary injunction, he is faced with procedural difficulties under our rules and with the direct prohibition of 26 U.S.C.A. § 7421. On the other hand if we treat the complaint as one to remove the lien from plaintiff's property under the provisions of 28 U.S.C.A. § 2410, he is faced with the decision in Pipola holding that one cannot litigate the merits of the assessment while proceeding under such section. The plaintiff makes no claim that this is an action for the recovery of the taxes, interest and penalty paid. In such case the complaint would have to show on its face that the claim for refund was filed within the statutory period and should show the precise amount for which the plaintiff claimed the refund. England v. United States, 7 Cir., 1958, 261 F.2d 455.

The complaint does not state a claim on which relief can be granted. Counsel for defendants may prepare a proper order of dismissal.