ROBERT W. HALL, WARREN J. HEDMAN and TIM
CAHOON, Plaintiffs-Appellants, *v.* KE NAM KIM and
JOHN DOES 1-5000, Defendants-Appellees

No. 5035

December 3, 1971

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ

216

OPINION OF THE COURT BY ABE, J.

The plaintiffs, citizens and taxpayers of the State of Hawaii, brought this action in the First Circuit Court against defendant KeNam Kim, State Comptroller, and defendants John Does 1-5000 employees of the State. They alleged unlawful payments of wages made by defendant KeNam Kim to the fictitiously named State employees for the period May 6-8, 1970, though the employees were absent from work.

Subsequent to the filing of the original complaint, the plaintiffs filed the "Amended and Supplemental Complaint" containing four separate counts. Without filing an answer to the Amended and Supplemental Complaint, defendant KeNam Kim and the other defendants filed motions to dismiss the complaint for failure to state claims upon which relief can be granted. After a hearing, the trial court granted the motions to dismiss; with leave to amend as to counts II and III, but with prejudice as to counts I and IV. Notwithstanding that other counts were pending, the trial court, pursuant to H.R.C.P. Rule 54(b), ordered the entry of final judgment for counts I and IV, and the plaintiffs appealed.

The sole issue before this court is whether the plaintiff's allegations in count IV stated a claim for relief.[1]

[1] Appellants concede that count I, which sought injunctive relief to prevent the allegedly unlawful payments has become moot and it not at issue.

The plaintiffs were claiming the statutory relief provided for by HRS § 76-53(b)[2] and, therefore, it was incumbent that they allege facts to entitle them to such relief.[3] The statute provides that "[a]ny sum paid contrary to this part, or any rule, regulation, or order thereunder may be recovered in an action * * * from any officer who made, approved, or authorized the payment * * *."

The pertinent paragraphs of count IV of the Amended and Supplemental Complaint on this issue read:

"4. During the period May 6-8, 1970, both dates inclusive, the defendants John Does 1-5000, some or all of them, by concerted action, and in violation of § 86-2, Hawaii Revised Statutes, absented themselves from the duties of their employment and failed and refused to perform the services for which they were hired.

"5. The period May 6-8, 1970, had not been designated as vacation for such defendant employees in accordance with § 79-2, Hawaii Revised Statutes; none of such employees suffered from bona fide illness during such period within the meaning of § 79-8, Hawaii Revised Statutes; compensatory time off had not been scheduled for such employees during such period in accordance with § 80-4(j), Hawaii Revised Statutes; and the absences of such employees and their failure and refusal to perform service during such period was otherwise wholly unau-

---

[2]HRS § 76-53(b) reads:

"(b) Any citizen may maintain a suit to restrain a disbursing officer from making any payment in contravention of this part, or rule or order thereunder. Any sum paid contrary to this part or of any rule, regulation, or order thereunder may be recovered in an action maintained by any citizen from any officer who made, approved, or authorized the payment or who signed or counter-signed a voucher, payroll, check, or warrant for the payment or from the sureties on the official bond of the officer. All money recovered in any such action shall be paid into the state or county treasury, as the case may be."

[3]It is acknowledged by the plaintiffs in their opening brief that:

"A suit under § 76-53(b) must be for payments made 'contrary to this part or of any rule, regulation or order thereunder.'"

thorized and in willful breach of their contracts of employment.

"6. The said defendant employees earned no right to payment for services during such period and the State of Hawaii is not otherwise indebted to them on account of the same.

"16. The said payments to defendant employees were contrary to law, as defendant KeNam Kim well knew or should have known, and having signed warrants for the making of the same, the defendant KeNam Kim is personally liable for the restoration of the amounts thereof to the State Treasury, pursuant to § 76-53(b), Hawaii Revised Statutes, and otherwise."

The plaintiffs claim that paragraphs 4, 5 and 6 recited above allege that payments were made in violation of Personnel Rules and Regulations, Sec. 6.301. They also argue that "no party has questioned that the Amended and Supplemental Complaint states a violation of Sec. 6.301 * * *."

Contrary to this latter claim defendant KeNam Kim in his reply memorandum filed in the trial court stated:

"True Section 76-53(b), H.R.S., confers a remedy upon any citizen to maintain a suit to enjoin or recover, on behalf of the State, a payment 'in contravention of this part, or rule or order thereunder.' However, the undisputable fact is that the only mention in the Supplemental Complaint of Part II of Chapter 76, H.R.S., or any rule or order thereunder, is found in paragraph 16 of Count IV, and even paragraph 16 does not allege any violation thereof but merely recites a legal conclusion that Defendant KeNam Kim is personally liable for the restoration of certain amounts to the State Treasury 'pursuant to Section 76-53(b), Hawaii Revised Statutes, and otherwise.' Plaintiffs are now making a belated effort to come within the protection of Section 76-53(b), H.R.S., though there is not one factual allegation in the Supplemental Complaint that meets the express condition for invoking that section, to wit, a violation of Part II of Chapter 76,

H.R.S., or any rule or order thereunder. Plaintiffs' attorney now contends that certain rules and regulations of the Director of Personnel Services regarding absences from work are pursuant to Part II of Chapter 76, H.R.S. Yet, in the Supplemental Complaint, Plaintiffs' attorney alleges that the absence from work is a violation of Section 86-2, H.R.S., (paragraph 4), sick leave is not allowable within the meaning of Section 79-8, H.R.S., compensatory time is not allowable under Section 80-4(j), H.R.S., and vacation leave is not allowable under Section 79-2, H.R.S., (paragraph 5)."

We agree with defendant Kim that paragraphs 4, 5 and 6, above mentioned, do not specifically allege violation of Personnel Rules and Regulations, Sec. 6.301, or violation of HRS Chapter 76, Part II, or violation of rules, regulations, and order thereunder. However, is this failure fatal?

H.R.C.P., Rule 8(a)(1) provides that a pleading for claim of relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It is also to be noted that Rule 8(f) reads: "All pleadings shall be so construed as to do substantial justice."

The United States Supreme Court, construing identical language in the Federal Rules of Civil Procedure, has said:

"* * * The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * *"

*Conley v. Gibson,* 355 U.S. 41, 47-48 (1957).

Here, though the plaintiffs did not allege the violation of

Chapter 76, Part II, or rules, regulations, and order thereunder, they alleged that they were seeking relief pursuant to HRS § 76-53(b). The fact that Count IV alleged violation of provisions of law other than the one particularly specified in Sec. 76-53(b) did not make the complaint defective or insufficient.

In *Rosenberg v. Globe Aircraft Corp.*, 80 F. Supp. 123 (E.D. Pa. 1948) where the complaint alleged the filing of false registration statement, which was in violation of the 1933 Act, but referred to the Act of 1934 as the basis of the lawsuit, the Court overruled a motion to dismiss and stated:

> "It is obvious that the cause of action arises exclusively from conduct and acts which, whether or not they violate the Securities Exchange Act of 1934 * * * unquestionably constitute violations of the Securities Act of 1933 * * *. In this aspect the complaint states a claim upon which relief can be granted and the fact that the pleader referred to another statute * * * is immaterial."

*See also Lennerth v. Mendenhall*, 234 F. Supp. 59 (N.D. Ohio, E.D. 1964); *United States v. Missouri-Kansas-Texas R.R.*, 273 F.2d 474 (10th Cir. 1959).

We are satisfied that allegations contained in paragraphs 4, 5 and 6 of count IV reasonably informed defendant Kim that the plaintiffs were claiming that defendant employees failed to report to work for the period May 6-8, 1970; that their absences from work were not authorized; that they were not entitled to payment of wages for the period; and that the State of Hawaii was not indebted to the employees on account of wages.

Next, let us consider paragraph 16 of count IV. As it is claimed by defendant Kim, it may contain conclusions instead of statement of facts. However, Rule 8(a)(1) does not require the pleading of facts; it requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, it is immaterial whether a pleading states evidence, facts, or conclusions of law. *Bowles v. Cabot*, 153 F.2d 258, 260 (2d Cir. 1946);

*Macleod v. Cohen-Erichs Corp.*, 28 F. Supp. 103, 105 (S.D. N.Y. 1939); *Minnesota Mining & Mfg. Co. v. Nichols*, 28 F. Supp. 105 (D.C. Md. 1939).

By paragraph 16, the plaintiffs reasonably gave notice to defendant Kim that they were claiming that the payment of wages for the period was unlawful; that he signed the warrants knowing (or should have known) that such payments were unlawful; and that for his action in signing the warrants, he was personally liable to restore the amount of money so paid as wages to the State Treasury under the provisions of HRS § 76-53(b).

We believe that the mandate of H.R.C.P. Rule 8(f) that "all pleadings shall be so construed as to do substantial justice" epitomizes the general principle underlying all rules of H.R.C.P. governing pleadings, and by the adoption of H.R.C.P. we have rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome" and in turn accepted "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* supra at 48.

Accordingly, under Rule 8(a)(1) "a complaint is sufficient if it sets forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.' * * * The rule is satisfied if the statement gives the defendant fair notice of the claim and the ground upon which it rests. * * * It is not necessary to plead under what particular law the recovery is sought." *United States v. Missouri-Kansas-Texas R.R.,* supra at 476. Here defendant Kim could not have been misled as to the basis upon which the plaintiffs were alleging that he was liable to restore to the State Treasury the sums of money paid the defendant employees.

Therefore, we hold that count IV met the requirement of H.R.C.P. Rule 8(a)(1) and unless it failed to state a claim upon which relief can be granted, it was error for the trial court to enter a judgment of dismissal.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra* at 45-46. Here, we cannot say that the plaintiffs would not have been able to prove the allegations of count IV. Though it may be improbable for the plaintiffs to prove their claims, they are entitled to an opportunity to make that attempt. It is not for a court to circumvent a determination of an action upon the merits of the case by accepting an assertion that the claim asserted in the complaint is groundless.

As stated emphatically by the United States Supreme Court in *Myers v. Bethlehem Corp.*, 303 U.S. 41, 51-52 (1938):

> "Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

On the issue of standing, the plaintiffs alleged that they were taxpayers and citizens of the State of Hawaii. This allegation was sufficient to give them standing under the provisions of Section 76-53(b), which authorizes the commencement of an action by any citizen.

It is acknowledged by defendant Kim that the Personnel Rules and Regulations, including Section 6.301[4] thereof were promulgated by the Director of Personnel Services pursuant to and under authority of HRS § 76-17. However, he then argues that inasmuch as Sec. 76-17 authorized the director to include in the Rules and Regulations "any matter not inconsistent with law concerning the establishment and maintenance of a system of personnel management based on

---

[4]"Sec. 6.301 *Unauthorized Absence From Work.*
   a. An absence from work which does not meet the requirements for a vacation leave, sick leave, administrative leave pursuant to law, leave without pay, or compensatory leave, shall be charged as unauthorized absence from work in lieu of a suspension at the discretion of the appointing authority.
   b. A day of unauthorized absence from work shall not be considered as a day of service."

merit principles, including *but not limited to matters set forth in this chapter * * *"* [emphasis added], Section 6.301 of the Rules and Regulations was promulgated under the authority of the emphasized portion of the section. Also, he argues that leaves of absence are strictly provided for in HRS Chapter 79. Thus, he concludes that Sec. 6.301 does not cover subject matter covered by Chapter 76, Part II, and therefore Sec. 6.301 may not be deemed Rules and Regulations promulgated thereunder.

It is correct that Chapter 79 is entitled "Leaves of Absence"; however, it is to be noted that Sections 76-32, 76-33, and 76-34 of Chapter 76, Part II, also provide for certain leaves of absence. Thus it may be argued that Sec. 6.301 covers matters provided for in Chapter 76, Part II.

However, assuming that Sec. 6.301 covers matter not provided for in Chapter 76, Part II, it cannot be questioned that the section was promulgated pursuant to and under authority of Sec. 76-17. That being so, Sec. 6.301 was promulgated thereunder and if the plaintiffs are able to show violation of section 6.301, they will have standing to bring this action.

To give Sec. 76-53(b) the interpretation contended by defendant Kim would mean that the plaintiffs will only have standing by proving payment in violation of the provisions contained in Chapter 76, Part II, thereby nullifying the term "any sum paid contrary * * * of any rule, regulation, or order thereunder." Unless the legislature intended to give any citizen a right of standing to bring an action where payment of wages is in violation "of any rule, regulation, or order" promulgated or issued under the authority of HRS § 76-17, it would not so enact the statute using those words. In the interpretation of a statute, it should be so construed to give effect and meaning to all of the clauses. Where possible, a statute should not be construed to lead to absurdity. *Levy v. Kimball,* 51 Haw. 540, 545, 465 P.2d 580, 583 (1970); *Credit Associates of Maui, Ltd. v. Montilliano,* 51 Haw. 325, 328, 460 P.2d 762, 764 (1969).

The complaint filed in the instant case alleges that the defendant "well knew or should have known" that the payments to the employees were contrary to law. We believe that an allegation of some mental state was essential to the plaintiff's complaint. We do not believe that the legislature intended § 76-53 to impose absolute liability on a person who makes an improper payment, unless there is a showing that the defendant knew or should have known that the payment was improper. While the statute makes no direct reference to the sort of mental state required of a defendant in an action based on § 76-53, we will not, in the absence of a clear statement in the statute, interpret it to lead to an unfair result. *See Credit Associates of Maui, Ltd. v. Montilliano, supra.*

The complaint alleges that the defendant Kim knew or should have known that the payments made to defendant employees were contrary to law, and in light of what we have previously said, we hold that the plaintiff's complaint states a claim upon which relief can be granted. Of course, at the trial, it will be incumbent upon the plaintiffs to prove these facts alleged.

Reversed and remanded.

*Tobias C. Tolzmann* for plaintiffs-appellants.

*Donald Wong,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, *Morton King,* Senior Deputy Attorney General, and *Sonia Faust,* Deputy Attorney General, on the brief) for defendant-appellee.

*Benjamin C. Sigal* (*Shim, Sigal & Ono* of counsel) for Hawaiian Government Employees' Association, defendant-intervenor-appellee.